## The People on the relation of The Michigan Paving Company v. The Common Council of Detroit.

*Mandamus: Unliquidated demand.* Mandamus does not lie to compel a city to pay an unliquidated demand, such as a claim on a *quantum meruit* for the value to the city of services performed and materials furnished on a contract which was afterwards forfeited.

*Quantum meruit: Unperformed contract: Measure of damages.* The amount saved by the city by letting a new contract to complete the work is not the test of the amount equitably due to the prior contractor for work done and materials furnished under a contract he failed to complete.

*Submitted on briefs April 20. Decided June 6.*

Application for *mandamus.*

*Baker & Thompson,* for relator, cited: *Whitely v. Lansing,* 27 Mich., 131; *Meech v. Buffalo,* 29 N. Y., 198; *Goodrich v. Detroit,* 12 Mich., 279; *Brevoort v. Detroit,* 24 Mich., 322; *Gas Co. v. San Francisco,* 9 Cal., 453; *Detroit v. Redfield,* 19 Mich., 376; *People v. Flagg,* 17 N. Y., 586; *Gas Co. v. New York,* 33 N. Y., 309; *1 Dillon on Mun. Corp.,* §§ 383–8; *Peterson v. Mayor of N. Y.,* 17 N. Y., 449; *De Grave v. Mon-*

mouth, *19 Eng. C. L., 300; People v. Swift, 31 Cal.,
26; Keyser v. School Dist., 35 N. H., 477; Hoyt v.
Thompson, 19 N.Y., 207; Abbott v. Herman, 7 Greenl.,
96; Hayden v. Madison, Ib., 76; Brady v. Mayor of
N. Y., 20 N. Y., 312; S. C., 2 Bosw., 173.*

*D. C. Holbrook,* for respondents, cited : *State ex rel. Brack-
ett v. County Judge, etc., 5 Ia., 380; Putnam Co. v.
Allen Co., 1 Ohio St., 322; Burnett v. Auditor, 12
Ohio, 54; State v. County Auditor, 19 Ohio, 322;
People v. Flagg, 17 N. Y., 584; People v. Judge of
Probate, 16 Mich., 204; People v. Supervisors of Macomb
Co., 3 Mich., 475; Dillon on Mun. Corp. (2d ed.), 760,
note 1, 478, and cases cited; Allen v. McKibben, 5
Mich., 449.*

COOLEY, CH. J :

The relator, it appears, entered into a contract with the
city of Detroit to do certain paving at a stipulated price and
within a stipulated time. A portion of the paving was done,
and some labor performed and materials furnished for the
remainder, when the common council, under a right reserved
in the contract, declared it forfeited for failure in perform-
ance within the time agreed. For that portion of the pav-
ing which was completed the relator was paid, and a further
sum of five hundred and sixty dollars was paid, which the coun-
cil appear to have conceded that the relator ought to be allowed
from the general fund of the city. The council also passed
a resolution that the city engineer be directed to make an
assessment "to pay the unliquidated claim." Nothing appears
to have been done under this resolution, and a writ of *man-
damus* is prayed to compel the common council "to make
and levy said assessment, or that it may be commanded to
allow and pay the balance" remaining due to the relator.

To show that there is a balance remaining due, the relator
shows that the council subsequently relet the work to another

party who was allowed to make use of the labor and materials of the relator which had not been paid for, and that what was paid to the second contractor for the completion of the work was less by some two thousand two hundred and twenty dollars than would have been payable to the relator had the first contract been completed. The conclusion is deduced that this sum is due the relator on a *quantum meruit.*

The conclusion is a somewhat violent one. Admitting that the city has had the benefit of some of the relator's labor and materials, it does not follow that it should pay therefor all that was saved by the second contract. The second contract is not shown to have been the same as the first, and we have no information concerning the circumstances under which it was made, except that it was to complete the paving for which the relator had contracted. Many circumstances might render it equitable that the relator should be charged for damages sustained by the city from the failure to complete the work as agreed, and the question of *quantum meruit* is not one which can be settled on an imperfect presentation like this. Neither is this the tribunal for the trial of such a question. This court may compel a municipal corporation to make provision for a liquidated demand, but *mandamus* does not lie to compel the payment of that which is unsettled, and in respect to which the respondent is entitled to a trial in the usual manner.

The writ must be denied, with costs.

The other Justices concurred.