Whitesides *v.* Stuart.

WHITESIDES *v.* STUART.

(*Knoxville.*   October 20, 1892.)

1. MANDAMUS.   *Does not lie to compel Judge of County Court to issue warrant, when.*

Mandamus does not lie to compel Judge or Chairman of County Court to issue warrant upon County Treasury for claim, due by account, the correctness of which he disputes.   His duties as financial agent of the County require him to protect the County against payment of unjust demands, and the Court will not compel him, by mandamus, to pay an unadjudicated debt that he has decided to be unjust.   The creditor's remedy is by suit for his debt.

Code construed: §§ 485, 582 (M. & V.); §§ 423, 525 (T. & S.).

Cases cited and approved: Morley *v.* Power, 5 Lea, 691; Turnpike Co. *v.* Marshall, 2 Bax., 123.

2. SAME.   *Must be prosecuted in name of State.*

Mandamus proceedings must be prosecuted in name of the State, and not in the name of an individual citizen, but may be prosecuted on his relation.

3. SAME.   *Returnable before Court, not before Judge.*

Alternative writ of mandamus must be returned to Court and heard in term, and cannot be returned before the Judge and heard at chambers.

Code construed: §§ 4311, 4312, 4315 (M. & V.); §§ 3568, 3569, 3572 (T. & S.).

4. SAME.   *Bond for costs required.*

The relator in mandamus case must give bond for costs.

5. SAME.   *Petition sworn to before whom.*

  Petition for mandamus is not properly sworn to, where affidavit is made
    before County Court Clerk.

  Code construed: § 4310 (M. & V ) ; § 3567 (T. & S.).

## FROM HAMILTON.

Appeal in error from Circuit Court of Hamilton
County.   JOHN A. MOON, J.

DEWITT & THOMAS for Whitesides.

WHITE & MARTIN for Stuart.

LEA, J.   This is a *mandamus* against the County
Judge, and brought in the Circuit Court of Ham-
ilton County by H. M. Stuart individually, with-
out the intervention of the State, on relation of
petitioner.   The judgment was in favor of peti-
tioner, and the County Judge appealed.

The petitioner claims to have been an overseer
of a public road, and seeks to force the County
Judge to draw his warrant for twenty-seven days'
work at $1 per day, and also for $28 for having
furnished his own team to work the road.   He
gave no bond for costs, and did not take the oath
*in forma pauperis*, and swore to the petition before
the Deputy Clerk of the County Court.   The Judge

issued the alternative writ in vacation, and made
it returnable to a day in vacation, commanding
the County Judge to draw his warrant or show
good cause for not doing so. On the return day
of the writ, and before the Circuit Judge, at
chambers, the County Judge appeared, and moved
to quash the alternative writ and dismiss the suit,
assigning, among other reasons, that the proceeding
is not brought in the name of the State on rela-
tion of petitioner; because the writ is not made
returnable to a term of the Court, but to a day
in vacation; because no security was given for
costs, and because the petition is not supported
by affidavit before any official authorized by law.
To these actions the County Judge excepted, and
obtained leave to rely upon the several grounds of
motion in his answer. Thereupon the answer was
filed, relying upon the grounds of motion, and
making, in addition thereto, several defenses.
Among others, that petitioner's claim was not pre-
sented to defendant and sworn to as the statute
required, and demand made for a warrant; that
he refused to issue the warrant because the claim
was unjust, exorbitant, and not owing by the
county. Issue was joined · upon the several de-
fenses. On the return day, in vacation, the Cir-
cuit Judge, on application of defendant, continued
the hearing until the first day of the regular term
of the Court. At the regular term the case was
heard and judgment rendered against the County
Judge, overruling his motion to dismiss, adjudging

his return insufficient, and awarding a peremptory writ for the amount claimed by petitioner. It was agreed, upon the hearing, that the claim of petitioner was properly sworn to, and the County Judge refused to issue the warrant because the account was exorbitant and entirely too much, and the refusal was for this reason alone.

The Court erred in not dismissing the suit, both for reasons stated in the motion to dismiss and upon the merits.

*First.*—Because the proceedings should be in the name of the State, on the relation of the petitioner. Such is the approved practice in this State.

*Second.*—Because the writ must be returned like any other writ to a term of the Court, and not to the Judge at chambers. The word *Court* is used all through the statute upon the subject of *mandamus.* " The writ is returnable to the Circuit Court." Code (M. & V.), § 4311. The alternative writ commands the defendant to do the act required to be performed or show cause before the *Court.* Code (M. & V.), § 4312. "If the answer deny any material facts stated in the petition, the Court may determine the issue upon evidence, or cause them to be submitted to a jury." Code (M. & V.), § 4315. If the alternative writ is issued in vacation, it should be returnable to the next term of the Court, and not before the Judge at chambers.

*Third.*—Because no bond for cost was executed. Caruthers' History of a Lawsuit, Sec. 587.

*Fourth.*—Because the petition was not sworn to as required by law. It was sworn to before the Clerk of the County Court. Our statute (M. & V. Code, § 4310), taken from Sec. 1, Ch. 52, of the Acts of 1881, entitled "An Act to regulate the practice on writs of *mandamus*," is as follows: "That the Circuit Judges of this State shall have power to issue writs of *mandamus*, upon petition, supported by affidavit, before any Judge, Justice of the Peace, or Clerk of any Circuit Court." It will thus be seen that, by the very terms of the statute, the affidavit must be made before a Judge, Justice of the Peace, or Clerk of the Circuit Court.

As above stated, upon the merits the peremptory *mandamus* should not have been granted. Simply because the law fixes a dollar a day for overseers of roads, and the account named the number of days, and is sworn to as required by statute, does not make it the duty of the County Judge to issue his warrant without an investigation of the correctness of the account. If such was the case, then a *mandamus* would be proper in case of a refusal, but here the defendant decided that the account was unjust and exorbitant, and therefore he refused to issue the warrant. The County Judge is the "accounting officer and general agent of the county," and, as such, it is his duty "to audit all claims for money against the county," and to audit and settle the accounts "of any person intrusted to receive or expend any money of

the county," and to minutely examine and settle the accounts of the county officers. Code (M. & V.), § 582, subsec. 3, and § 485, subsecs. 4, 6.

The County Judge has passed and acted upon the claim of petitioner, as presented, and his official judgment is against the claim, and the award of a peremptory writ would be to compel him to act contrary to his judgment. Whether to issue the warrant or not, as claimed by petitioner, depends upon the exercise of official judgment by the defendant, and rests in his sound discretion, and cannot be controlled by *mandamus*. 5 Lea, 691; High, Ex. Leg. Rem., Secs. 101, 102. Only ministerial acts can be controlled. 2 Bax., 123.

The petitioner's claim having been refused by the County Judge, he has his remedy by suit against the county for whatever may be justly due him.

The judgment of the Court below is reversed, the petition is dismissed, and petitioner will pay costs.