W. H. HOWELL, AS MAYOR OF THE TOWN OF LEESBURG, FLORIDA, AND A. H. BOURLAY, FRANK A. TAYLOR, J. A. HANSON, S. F. SMITH AND J. C. COMPTON, COMPOSING THE CITY COUNCIL OF SAID TOWN, *Plaintiffs in Error,* v. THE STATE OF FLORIDA, *ex rel.* C. N. EDWARDS, *Defendant in Error.*

MANDAMUS, CERTAINTY OF MANDATORY PART OF WRIT—DOES NOT LIE TO ENFORCE PAYMENT OF UNLIQUIDATED CLAIM. WHEN JUDGMENT IN, WILL BE FRUITLESS WRIT SHOULD BE DENIED.

1. The range of action required of the respondent by an alternative writ of mandamus should be clearly, particularly and explicitly set forth in the mandatory part of such writ. The duty commanded should not be left to indiscriminate outside ascertainment *dehors* the writ.

2. Mandamus does not lie to compel the payment of an unliquidated, unadjudicated claim that is disputed.

3. Where the judgment sought in a mandamus proceeding will be fruitless and unavailing the writ should be denied and the proceedings dismissed.

This case was decided by Division B.

Writ of Error to the Circuit Court for Lake County.

The facts in the case are stated in the opinion of the court.

*J. B. Gaines,* for plaintiffs in error;

*Thomas Emmet Wilson,* for defendant in error.

TAYLOR, J.—The defendant in error, C. N. Edwards, as relator instituted mandamus proceedings in the circuit court of Lake county against the plaintiffs in error in their official capacity as mayor and members of the municipal council of the town of Leesburg, to compel them to restore him to the office of marshall and inspector of said town, of which office, the alternative writ alleged, he had been wrongfully and illegally deprived by being wrongfully and illegally removed therefrom, by said city council. The respondents moved to quash the alternative writ among divers other grounds upon the following:

"6. The mandatory part of said writ requires more to be done than is justified by the recitals therein contained."

"7. The allegations of said writ are vague, indefinite and uncertain in that it does not state what are the profits, emoluments or advantages belonging or pertaining to the office of marshall and inspector which are required to be restored to the relator."

"8. The allegations of said writ are vague, indefinite and uncertain, in that it does not state what profits, emoluments or advantages belong or appertain to said office since the 9th day of July, A. D. 1906."

"9. The mandatory clause of said writ is so vague, indefinite and uncertain as to require respondents to look *dehors* the writ to ascertain the exact duty required of them."

This motion to quash was overruled by the court,

upon which the respondents made return to the writ. The relator moved to quash this return, which motion was granted, and a peremptory writ of mandamus was awarded. To review this judgment the respondents below appear here by writ of error.

The ruling of the court denying the motion of respondents to quash the alternative writ, and the judgment awarding the peremptory writ are assigned as error.

The court below erred in its denial of the motion to quash the alternative writ.

The only recital in the alternative writ in reference to the profits and emoluments of the office of which the relator was alleged to have been deprived by the alleged wrongful removal, is as follows: "By means whereof the said C. N. Edwards has been wholly deprived of the exercise of the said offices of marshall and inspector of the town of Leesburg, Florida, and wholly deprived of the profits, emoluments and advantages thereunto belonging and appertaining both at the present time and since the 9th day of July, 1906, to his manifest injury and damage, as by his petition we have understood." And the mandatory part of the alternative writ commanded the respondents as follows: "We therefore * * * command you that immediately after receipt of this writ, you do, without further excuse or delay, restore, or cause to be restored the said C. N. Edwards into the said offices of marshall and inspector of the said town of Leesburg, Florida, together with all the profits, emoluments and advantages thereunto belonging and appertaining, together with all such profits, emoluments and advantages from the 9th day of July, 1906, or signify to us cause to the contrary," etc. The peremptory writ follows this command of the alternative writ. It will be observed from the above quoted recital of the alternative writ and from the command of said writ as well as from the command of the peremptory writ that no definite

amount is alleged or claimed as constituting the alleged profits or emoluments of the said office, neither does the alternative or peremptory writ command the restoration of any fixed, definite or adjudged amount of such emoluments that are to be restored, neither does the alternative writ state what such profits or emoluments consist of—whether a fixed salary or fees or perquisites or both —indeed it does not allege with directness that there are any profits or emoluments flowing out of or connected with said office to be restored to the relator—but both the alternative and peremptory writs leave it in the air to be ascertained *dehors* such writs by outside allegata and probata—(1) whether there are in fact any profits or emoluments to be restored, and if any—(2) its amount, with no prescribed mode of adjudicating between the parties in case there is difference between them as to the amount to be restored under the commands of the writ. This was fatal to both the alternative and peremptory writs. As was held in the case of Florida, C. & P. R. Co. v. State *ex rel.* Town of Tavares, 31 Fla. 482, 13 South. Rep. 103, "The range of action required of the respondent by an alternative writ of mandamus should be clearly, particularly and explicitly set forth in the mandatory part of such writ. The duty commanded should not be left to indiscriminate outside ascertainment *dehors* the writ." But besides this mandamus does not lie to compel the payment of an unliquidated unadjudicated claim that is disputed. Whitesides v. Stuart, 91 Tenn. 710, 20 S. W. Rep. 245; Hicks v. Board of Auditors, of Wayne County, 97 Mich. 611, 57 N. W. Rep. 188; State Board of Education v. West Point, 50 Miss. 638. In Clayton v. McWilliams, 49 Miss. 311, it is held that when anything remains to be done, or fact to be ascertained, relief cannot be afforded by mandamus. The Governor *ex rel.* Haygood's Adm'r. v. Justices of the Inferior Court of Clark county, 19 Ga. 97,

In the case of People *ex rel*. Michigan Paving Co. v. Common Council of Detroit, 34 Mich. 201, it is held that mandamus does not lie to compel a city to pay an unliquidated demand. Commissioners of Putnam County v. Auditor of Allen County, 1 Ohio St. 322; Garrard County Court v. McKee, 11 Bush (Ky.) 234; Hicks v. Board of Auditors of Wayne County, 97 Mich. 611, 57 N. W. Rep. 188; Whitesides v. Stuart, 91 Tenn. 710, 20 S. W. Rep. 245; 2 Spelling on Injunctions and other Extraordinary Remedies, §1483.

It follows from what has been said that the judgment of the court below must be and is hereby reversed at the cost of the defendant in error; and inasmuch as the term of office of the relator to which he seeks restoration, as appears from the record, has long since expired, and that any judgment herein in his favor would now be fruitless and unavailing (2 Spelling on Injunctions and other Extra. Rem. §1377; State *ex rel*. Vereen v. Commissioners of Marion County, 27 Fla. 438, 8 South. Rep. 749), it is further ordered that the Circuit Court shall dismiss such proceeding at the cost of the relator.

Hocker and Parkhill, JJ., concur;

Shackleford, C. J., and Cockrell and Whitfield, JJ., concur in the opinion.