75 So.2d 803 (1954)
J.R. HUNTER, Jr., as Director of the Florida State Beverage Department, Appellant,
v.
Frank E. SOLOMON, Appellee.
Supreme Court of Florida. Division A.
November 16, 1954.
*804 Richard W. Ervin, Atty. Gen., and John C. Reed, Asst. Atty. Gen., for appellant.
Yonge, Whiteside & Prunty, Miami, for appellee.
MATHEWS, Justice.
This is an appeal from an order from an amended peremptory writ of mandamus.
The appellee presented to one Hefner, a Supervisor of the State Beverage Department, in charge of applications in Miami, Florida, an application for transfers of a certain beverage license, the same being not only for the transfer of ownership of said license from the appellee to himself and to Lauren W. Campbell, but also for the transfer of location from 151 S.E. Second Street, Miami, to 680 N.W. 71st Street, Miami. At the time the appellee made demand upon the Supervisor to issue forthwith the transfers, as applied for, the Supervisor refused. One day later, December 17, 1953, the appellee filed in the Circuit Court petition for writ of mandamus seeking to compel the transfers and the Circuit Court issued an alternative writ directing the appellant, as Director of the Florida State Beverage Department, to forthwith issue the transfers and to issue proper license therefor or show cause why he does not transfer and issue said beverage license as ordered. The petition for the writ of mandamus showed that the demand for transfer was from the petitioner who was the sole owner to the petitioner and one Lauren W. Campbell.
The appellant filed a motion to quash and dismiss the petition and the alternative writ, which was denied. Thereafter, a peremptory writ was issued December 21, 1953. A petition for rehearing was filed and denied on the 23rd of December, 1953, and on the same day an amended peremptory writ of mandamus was issued.
Without any amendment of the petition for the alternative writ or any amendment of the alternative writ, the Circuit Court made and entered a peremptory writ in the following language:
"An Alternative Writ of Mandamus having been heretofore issued upon petition of Frank E. Solomon, and the Court having considered the same, having heard argument of counsel, and being otherwise fully advised in the premises:
"It Is, Therefore, Ordered and Adjudged that the Respondent, J.R. Hunter, as Director of the Florida State Beverage Commission, do forthwith *805 issue and transfer that certain 4 COP State of Florida Beverage License bearing No. 1633, presently located and situated in Miami, Dade County, Florida, at 151 S.E. 2nd Street, to 680 N.W. 71st Street, Miami, Florida, and issue the proper license therefor."
Without any amendment of the petition for the alternative writ or of the alternative writ itself, or any amendment of any kind, the Court made and entered an amended peremptory writ in the following language:
"Frank E. Solomon, having filed his Petition for a Writ of Mandamus, showing therein prima facie that he is entitled to such a writ, it is therefore ordered that J.R. Hunter, as Director of the Florida State Beverage Commission, a duly recognized agency of the State of Florida, do forthwith approve the transfer of that certain 4 C.O.P. State of Florida beverage license bearing No. 1633, and presently located and situated in Miami, Dade County, Florida at 151 S.E. 2nd Street, to 680 N.W. 71st Street, Miami, Florida, and approve the issuance of the proper license therefor, and the Tax Collector of Dade County, Florida is hereby directed to issue said license forthwith, according to law."
It should be noted that the petition asked for a transfer to Frank Solomon and Lauren W. Campbell and the alternative writ makes no mention of Lauren W. Campbell. Although, the petition, the alternative writ, and the original peremptory writ made no mention of the Tax Collector of Dade County, Florida, the amended peremptory writ orders the petitioner to approve the issuance of a proper license for the changed location and, presumably in the name of Solomon and Campbell, and the Tax Collector of Dade County is directed to "issue said license forthwith, according to law". The Tax Collector was not a party to this suit and the record discloses no amendment making him a party.
It is urged by the appellant that the petition and the alternative writ based thereon orders him to perform an act not within his powers but exclusively within the power of the Tax Collector of the County.
Insofar as the approval of an application and the issuance of a license, F.S. Section 561.19, F.S.A. appears to be controlling. Said section reads as follows:
"License issuance upon approval of director
"Upon receipt by the director of such application, he shall approve or disapprove said application. If he shall approve the same, he shall endorse his approval on said application and forward the same to the tax collector. The tax collector shall notify the applicant of such approval and the applicant shall then be entitled to the license applied for upon the payment to the tax collector of the license tax hereinafter provided * * *. If the director shall not be satisfied that the applicant possesses the qualifications required hereunder, the director shall give the applicant * * * a fair hearing as to his qualifications. If after such hearing the director shall find the applicant possesses such qualifications required by the beverage law, he shall approve the application and shall endorse his approval thereon, forwarding the same to the tax collector for issuance of the license as aforesaid, * * *." (Italics supplied.)
Upon the filing of an application with the Supervisor in the field it is then necessary that some investigation be made and that the application be forwarded to the Director. Assuming that one day is sufficient time for this to be done, the Director is not required to do more than approve or disapprove the application. If he approves the application, he shall endorse his approval on the same and then send it to the Tax Collector. The Director is not required to issue any license but if he approves the application, the Tax Collector is required to issue the license, upon the payment of the required tax. In the event the Director is not satisfied that the applicant possesses the required qualifications, the Director is then required to give the *806 applicant a fair hearing as to his qualifications.
F.S. Section 561.32, F.S.A. provides as follows:
"Transfer of licenses
"Licenses issued under the provisions of the beverage law shall not be transferable except as follows: When a licensee shall have made a bona fide sale of the business which he is so licensed to conduct he may obtain a transfer of such license to the purchaser of said business, provided the application of the purchaser shall be approved by the director of the beverage department in accord with the same procedure provided for in §§ 561.17, 561.18 and 561.19 of the beverage law, in the case of issuance of new licenses; * * *." (Italics supplied.)
Solomon was the original licensee, and assuming that he made a bona fide sale of a part of the business to Campbell, it then became the duty of the Beverage Director to approve the application for the new owners as provided for in F.S. Sections 561.17, 561.18 and 561.19, F.S.A. It was not his duty to issue a license and the alternative writ required him to do that which was beyond his power to do. In the petition for the writ the appellee asked the Court to issue a writ to the appellant:
"* * * commanding him to issue to the transferees of your Petitioner, i.e., Frank Solomon and Lauren W. Campbell, that certain 4 COP State of Florida beverage license, bearing No. 1633 * * * presently located * * * at 151 S.E. Second Street, and which said license is sought to be transferred to 680 N.W. 71st Street, Miami * * *."
The alternative writ directed the appellant to forthwith issue the transfer of the licensee and to "issue the proper license therefor".
Without any amendment or pleadings it appears that the amended peremptory writ departed from the original relief sought in and by the petition for the writ and also from the terms of the alternative writ in that it did not require the Director to issue a license but did require him to forthwith approve the transfer of a license and to approve the issuance of the proper license therefor, and then ordered the Tax Collector to issue such license when the Tax Collector was not a party to the suit.
Mandamus in proper cases may be used to compel a public agency to exercise a discretion vested in it but generally it cannot be used to direct the public agency to act only in a certain manner. This is especially true when investigation and a determination of qualifications of the applicant is involved and the determination of qualifications is vested in such public agency.
This case involved a new ownership which required an investigation and also a new location which required an investigation. In the case of Dade County v. Overstreet, Fla., 59 So.2d 862, 865, this Court said:
"* * * It will be observed that the foregoing statutes confer on the State Beverage Director discretion and authority to approve or disapprove, according to statutory requirements, applications for licenses to manufacture or sell intoxicating liquors.
* * * * * *
"* * * He may and should perform the ministerial duty of making measurements or investigations of locations to ascertain whether or not the locations would violate the statutes or zoning ordinances or resolutions. * * *"
In the case of State ex rel. Allen v. Rose, 123 Fla. 544, 167 So. 21, 23, it was said:
"* * * Thus, while mandamus may be invoked to compel the exercise of discretion, it cannot compel such discretion to be exercised in any particular way. * * *"
*807 In the case of Permenter v. Younan, 159 Fla. 226, 31 So.2d 387, 390, this Court said:
"Mandamus not only lies to compel issuance of a liquor license or permit where such issuance is mandatory or merely ministerial, but also where the licensing authority has abused its discretion or acted arbitrarily. * * *"
In this case the record fails to show that the appellant has abused his discretion or acted arbitrarily as to the investigation and approval of a change in location or the change in ownership of the license.
Reversed, with directions to set aside the peremptory writ and the amended peremptory writ and to grant the motion of the appellant to quash and dismiss the petition.
ROBERTS, C.J., and TERRELL and SEBRING, JJ., concur.