CARROLL, DONALD K„ Chief Judge.
The respondent board has appealed from an order entered by the Circuit Court for Duval County issuing a peremptory writ 0f man(jamus commanding that the board execute and furnish to the petitioner a certificate as a sanitarian pursuant to Section 491.07, Florida Statutes, F.S.A.
That section reads as follows:
“491.07 Registration of certain persons prior to October 1, 1959. — The board shall register as a sanitarian and shall furnish certificate of registration for the year 1959, to any person who applies for such registration on or before October 1, 1959, and who, on June 30, 1959, is employed as a sanitarian and meets the qualifications for a sanitarian, as set forth by one of the following :
“(1) (a) Two years of college (15 units in basic sciences) plus one year experience in environmental sanitation,
“(b) Two years of college (15 units in basic sciences) plus special training course for sanitarians plus six months experience in environmental sanitation,
“(c) College graduate in science or engineering plus one year of experience in environmental sanitation or a special training course,
“(d) A bachelor’s degree or a master of public health degree in sanitation from an approved school of public health,
“(e) High school graduate plus three years experience in environmental sanitation plus special training course in sanitation,
“(f) High school graduate plus four years experience in environmental sanitation or
“(2) The merit system, or
“(3) An accredited civil service board of Florida.
*302 “At the time of making application, such applicant shall pay to the board a fee of ten dollars.”
Other statutory provisions that are pertinent to the present consideration are the following:
“491.02 Definitions.
“In this act, unless the context otherwise requires:
(1) ‘Sanitarian’ means a person whose education and experience in the biological and sanitary sciences qualifies him to engage in the promotion and protection of the public’s health. He applies technical knowledge to solve problems of a sanitary nature and develops methods and carries out procedures for the control of those factors of man’s environment which affect his health, safety, and well being.
* * * * * *
“(4) ‘Environmental sanitation’ means the sanitary control of man’s physical surroundings and within it those factors which may adversely influence and affect his health, safety and welfare. Nothing herein shall conflict with the practice of professional engineering or the provisions of chapter 20621, Laws of 1941 (§§ 471.01-471.33).”
Section 491.04(3) reads:
“(3) It shall be the duty of this board to carry out the provisions of this Act, except appoint members thereto, review applications for registration, conduct written and oral examinations, keep records of its transactions, conduct hearings, make an annual and financial report and record all matters which appropriately may come before it. These records shall at reasonable times be open to examination by the public. Copies of the annual and financial reports shall be mailed to all registered sanitarians. Laws 1959, c. 59-191, § 4.”
Pursuant to the last-quoted statute, then, the board is charged with the duty of reviewing applications for registration, conducting written and oral examinations, conducting hearings, and keeping records of its proceedings. There can be no legal question of the power of the state legislature to impose this duty upon, and grant this authority to, the board, and the appel-lee has raised no such question on this appeal.
The evidence adduced before the Circuit Court shows that the petitioner graduated from the University of Florida in 1949 with the degree of B.S.A. in entomology, and then took professional post-graduate work at the University of Miami. After graduating he was engaged for some ten years as the owner and operator of a business in pest control work of all kinds and as a consultant in the field of environmental sanitation. At all times since his graduation he has operated his own company and has never been a full-time employee of any company. His pest control work is related to household pests of all kinds, including rodents, roaches, ants, and other pests. He provided sanitation services to manufacturers of insecticides and disinfectants.
Based upon the above evidence the Circuit Court found that the petitioner possesses the requisite qualifications for registration as a sanitarian as set forth in Section 491.07(1), that he meets the requisite of formal education and practical training requirements in Chapter 491, and that his experience and training fit the above statutory definition of “sanitarian.”
The board contends, however, that the petitioner was not entitled to a certificate of registration because he failed to prove that “on June 30, 1959” he was “employed as a sanitarian,” as required by Section 491.07, because he was not on that date employed as a sanitarian by any group, organization, or corporation, but was self-employed. The board further contends that the petitioner failed to prove that his training and experience had been of an extensive nature and *303 covered all of the five fields of sanitation enumerated in Section 491.09 as the fields on which examinations are to be given to applicants for a certificate of registration, (that is, sanitary laws, codes, rules and regulations; milk and food sanitation; water supply, sewage and garbage disposal; insect and pest control; bacteriology and communicable diseases.) To this contention the petitioner responds that he is not seeking to take an examination. We need not here pass upon the validity of the mentioned contentions.
Section 491.07, Florida Statutes, F.S.A., constitutes what is commonly called a ■“grandfather” provision.
Whether or not we agree with the Circuit Court’s interpretation of the statutes and evidence, is immaterial, because we believe that the Florida Legislature has placed upon the board the duty of initially determining the qualifications of applicants under the grandfather provision. The board has the duty to “review applications for registration” and “conduct hearings” under Section 491.04(3). The members of the board are no doubt peculiarly competent to determine the scope and nature of training in the highly specialized field of sanitation. While many courts across the nation have watched dubiously the recent encroachments of legislature — established administrative agencies in the field of fact-determination, we think that the concept of the rule of law requires us to acknowledge that this is a matter for the legislative, not the judicial, branch of the government to determine. Nonetheless, the courts must always retain their power to review judicially the findings made by such agencies.
As we construe the provisions of Chapter 491, the board has the power and duty to conduct a hearing on the petitioner’s application for a certificate of registration under the grandfather provision and to make a record of such proceedings. Thus the petitioner would no doubt have a right to a judicial appellate review by seeking a writ of certiorari directed to the board’s decision and based upon the record of the proceedings, in which the petitioner would be able to raise the same points that he does in this mandamus proceeding.
Before an applicant is entitled to a certificate of registration under the above grandfather provision, all of the following facts must be found by the appropriate fact-finding body: (1) that the applicant applied for the 1959 certificate on or before October 1, 1959; (2) that he was on June 30, 1959, employed as a sanitarian; (3) that he meets the qualifications set forth by Subsection (1), (2), or (3) in Section 491.07; (4) that on June 30, 1959, he was employed as a person whose education and experience in the biological and sanitary sciences qualifies him to engage in the promotion and protection of the public’s health; and (5) that he was on June 30, 1959, employed as a person who applies technical knowledge to solve problems of a sanitary nature and develops methods and carries out procedures for the control of those factors of man’s environment which affect his health, safety, and well being.
The crux of the present appeal is the application of the firmly-established rule that mandamus is not the proper remedy where the acts commanded concern not a ministerial duty but involves judicial discretion to a certain extent. State ex rel. Trustee Realty Co. v. Atkinson, 97 Fla. 1032, 122 So. 794 (1929); Gamble v. State, 61 Fla. 233, 54 So. 370 (1911). When the person against whom mandamus is prayed is invested with judicial power, or acts in a deliberative capacity, or has the power and right of deciding, the writ of mandamus will not lie, except to compel him to proceed to the discharge of his duties according to the best of his judgment. Towle v. State ex rel. Fisher, 3 Fla. 202 (1850).
The crucial decision as to whether the board’s duty in the premises is judicial or legislative in nature, is fraught with difficulty for the reason that good authority can be invoked to support either conclusion. For instance, in York v. State ex rel. *304 Schwaid, 152 Fla. 285, 10 So.2d 813 (1943), the Supreme Court of Florida held that a peremptory writ of mandamus was properly issued to require the State Board of Dental Examiners to issue a certificate to practice dentistry. In State ex rel. Florida Industrial Commission v. Willis, Fla.App., 124 So.2d 48 (1960) the majority of this court held that mandamus lies where an administrative agency arbitrarily refuses to give consideration to an application for a refund of taxes. On the other hand, the general rule, which we think perfectly fits the situation here, is stated in 21 Fla.Jur., Mandamus, Sec. 61, page 375, as follows:
“Boards and officers charged with the duty or power of issuing the license or permit usually exercise a discretionary function in the matter. Their determination involves a judgment as to the right and fitness of the applicant, and generally calls for an examination of evidence and the passing upon questions of fact. Where such is the case, courts will not interfere with their judgment or discretion, unless there is an arbitrary abuse of the power vested in the respondent, amounting to a virtual refusal to perform the duty involved or to act at all in contemplation of law.”
In Hunter v. Solomon, 75 So.2d 803 (1954), the Supreme Court of Florida held:
“Mandamus in proper cases may be used to compel a public agency to exercise a discretion vested in it but generally it cannot be used to direct the public agency to act only in a certain manner. This is especially true when investigation and a determination of qualifications of the applicant is involved and the determination of qualifications is vested in such public agency.”
In view of these divergent authorities it is understandable how the Circuit Court reached its conclusion that mandamus is the proper remedy.
This problem is rendered more difficult by the holding in at least one jurisdiction that, unlike the granting of a certificate of convenience and necessity in the ordinary case, when a carrier seeks a certificate as an existing carrier under a grandfather provision, and complies with the statutory requirements, the commission has no discretion to deny the certificate, but its duties and powers are ministerial and mandatory. See 60 C.J.S. Motor Vehicles § 85, page 278, and Railroad Commission of Texas v. Rau, 45 S.W.2d 413 (Tex.Civ.App.1931), error dismissed.
The majority of this court, however, although recognizing the above conflict of authorities, is of the opinion that the duty of the board here is essentially judicial or quasi-judicial, rather than legislative or administrative.
In accordance with what we conceive to be the applicable principles, we hold that mandamus does not lie in the instant case. The duty of reviewing applications for certificates of registration and of determining applicants’ qualifications for such certificates is essentially a judicial duty, and mandamus does not lie to command the performance of that duty in a particular manner, as the Circuit Court attempted to do through the peremptory writ before us.
The order appealed from is reversed, and the cause is remanded with directions to discharge the peremptory writ.
Reversed and remanded with directions.
STURGIS, J., concurs specially.
WIGGINTON, J., dissents.