THORNAL, Justice.
By a petition for a writ of certiorari we have for review a decision of the District Court of Appeal, First District, 142 So.2d 301, which allegedly conflicts with prior decisions of this Court on the same point of law.
Our immediate problem emerges from the fact that a majority of the judges of the Court of Appeal is in accord on a judgment reversing the trial court but appear to have somewhat different views as to the reason announced in support of the judgment:
The decision submitted for review is Solomon v. Sanitarians’ Registration Board, etc., Fla.App., 142 So.2d 301. The factual background of the litigation is adequately summarized in the opinion of Chief Judge Donald Carroll. Reference to the cited decision will reveal that Judge Carroll and Judge Sturgis were in accord on the conclusion that the trial judge committed error in issuing a peremptory writ of mandamus. The judgment was reversed with directions to dismiss the petition. Judge Wigginton dissented with the view that mandamus was the appropriate remedy. This led to an af-firmance of the trial court. However, Judge Carroll and Judge Sturgis in agreeing to a reversal did so for somewhat different reasons. The result is that we actually do not have a majority opinion of the Court of Appeal supporting the judgment of reversal so as to enable us to determine whether jurisdiction is in this Court on the conflict theory.
Our examination of the opinion prepared by Judge Carroll, 142 So.2d 301, suggests that it is his view that in no event could the petitioner Solomon obtain relief by mandamus for the reason that Chapter 491, Florida Statutes, F.S.A., requires the respondent Board to conduct an examination of an applicant under the so-called “grandfather provisions” of the statute. It further appears to be the view of Judge Carroll that an applicant for a certificate to practice as a sanitarian under the “grandfather provision” under no circumstances would be entitled to a certificate except after a hearing and the conduct of a technical examination by the Sanitarians’ Registration Board. This he holds, involves the exercise of a quasi-judicial function subject to review by certiorari. On the other hand, Judge Sturgis appears to be of the view, 142 So. 2d 301, p. 304, that in this instance the application “does not contain the showing sufficient to meet the statutory requirements for registration without technical examination." (Emphasis added) While Judge Sturgis concurred in the conclusion reversing the trial judge, he did so “solely” for the reason announced in his separate opinion, rather than for the reasons announced in the opinion of Judge Carroll. By the Carroll opinion the holding seems to be that in no event could an applicant under the “grandfather provisions” receive a certificate without a technical examination. In the view of Judge Sturgis it would seem that in this particular instance the application was not sufficient in content to make a showing adequate “to meet the statutory requirements for registration without technical examination.” In this view, the opinion leaves the inference that under some circumstances an application alone might sufficiently establish the right to a certificate without techni *134 cal examination by the respondent Board. In this event mandamus might be an appropriate remedy to enforce the right.
Inasmuch as these opinions of the district judges led them to a reversal of the trial court, we are confronted with a situation somewhat analogous to that which was presented to us in Rosenthal v. Scott, Fla., 131 So.2d 480. We there suggested that where a judgment under review is reversed it would seem to be appropriate to record an unequivocal majority view of the reviewing court for the guidance of the trial court and the litigants in the event of subsequent litigation involving the subject matter. It is not our purpose, of course, to undertake to direct the action of the Courts of Appeal in this regard. However, in the interest of orderly administration of the appellate process, and in order to maintain the lines of demarcation separating our jurisdiction, it is important that the decisions of the Court of Appeal be sufficiently free from obscurities and ambiguities to enable us to evaluate them in the light of prior decisions of this Court, or other courts of appeal.
In the instant case we might surmise that the judge who concurred specially thereby intended to adopt the views expressed in the so-called “majority opinion” and, in addition, added further reasons for his own conclusion. However, this would be speculation because the concurring opinion of Judge Sturgis expressly states that his conclusion was grounded “solely” on the reason which he announced.
We have the view that the ambiguity might well be eliminated by restoring this case to the jurisdiction of the District Court of Appeal to enable the judges of that court to take such action as they deem appropriate in order to clarify the situation which has been presented to us. See Rosenthal v. Scott, Fla., 131 So.2d 480; For the subsequent action of the Court of Appeal in that case, see Scott v. Rosenthal, Fla.App., 132 So.2d 347.
Accordingly, request is respectfully made to the District Court of Appeal, First District, that it prepare and adopt a majority opinion setting forth the theory and reasoning upon which the majority bases its judgment of reversal in the subject case and thereby clarify the majority view and eliminate the apparent ambiguities produced by the separate views of the majority judges. Jurisdiction of the cause is relinquished to that court temporarily for that purpose. When this has been accomplished, the cause shall be returned to this Court which will then proceed to determine whether or not sufficient conflict exists to require a further review here.
It is so ordered.
ROBERTS, C. J., and DREW, O’CON-NELL and CALDWELL, JJ., concur.