PER CURIAM.
On June 7, 1962, this court rendered its decision and judgment in this cause (Fla. App., 142 So.2d 301) reversing an order of the Duval County Circuit Court whereby the appellants (Sanitarians’ Registration Board of the State of Florida and the several members of said board, who were respondents below in a mandamus proceeding brought by the appellee, Eugene L. Solomon, relator below) were peremptorily commanded to execute and furnish to relator a certificate of qualification as a sanitarian pursuant to Section 491.07, Florida Statutes, F.S.A. The appellee (relator) then filed in the Supreme Court of Florida a petition for a writ of certiorari to review our said decision on the ground that it conflicted with prior decisions of the Supreme Court on the same point of law.
*746 In an opinion filed November 30, 1962, the Florida Supreme Court, 147 So.2d 132 delineated a problem confronting it in said proceeding, arising from the fact that while the majority of this court concurred in the judgment of reversal, the two members comprising the majority apparently did so for different reasons; and the Supreme Court thereupon temporarily relinquished jurisdiction of the cause to this court, with the request that the majority holding for reversal re-examine the views expressed by their former separate opinions and undertake to adopt a revised opinion eliminating the apparent ambiguities reflected by their said separate views in their former opinions.
■ Being agreeable to said request, the decision of this court filed June 7, 1962, is hereby recalled and the following is adopted and substituted as the revised decision and judgment of this court in.said cause:
REVISED DECISION
On the petition of appellee, Eugene L. Solomon, hereinafter referred to as the relator, an alternative writ of mandamus was issued by the Circuit Court of Duval County commanding the appellants, Sanitarians’ Registration Board of the State of Florida and its several members, hereinafter referred to as the respondents, to execute and furnish to appellee' a certificate of registration as a sanitarian for the year 1959 and subsequent years, pursuant to the so-called “Grandfather” provisions of Section 491.07, Florida Statutes 1959, F.S.A., or on a date fixed to show cause for failure so to do. Respondents moved to quash said writ on the grounds, inter alia, that it failed to state a cause of action, that it failed to show facts demonstrating that the relator had a clear legal right to the coercive action sought, and that it does not allege facts showing that respondents owe any legal duty to the relator. Said motion was denied, the respondents answered the writ, testimony was adduced on the issues made, and thereupon a peremptory writ issued, commanding the respondents to execute and furnish to the petitioner a certificate of registration as a sanitarian; hence this appeal.
We have concluded that the trial court was in error in denying respondents’ motion to quash the alternative writ of mandamus. It would serve no useful purpose, therefore, to review the evidence adduced pursuant to the denial of said motion.
The alternative writ of mandamus reflects that on September 30, 1959, the relator filed with the respondent board an application for certificate of registration pursuant to Section 491.07, Florida Statutes 1959, F.S.A.; that he submitted therewith the required fee of $10.00 and a photograph; that the statements contained in said application, a copy of which is attached to and made part of the writ, indicate that under the provisions of Sections 491.06-491.07, Florida Statutes 1959, F.S.A., the relator “has the qualification for registration” and “is entitled to registration as a sanitarian without examination.” Specifically, the facts upon which such entitlement is predicated are stated to consist of the following:
“A) That he applied for such registration on, or before, October 1,1959.
“B) That on June 30, 1959, he was employed as a sanitarian, and had the qualifications necessary to comply with Subsection (1) of Section 491.07, F.S.A., 1959, in the following respects:
“(i) That he had more than two years of college, and that he has an excess of 15 units in the study of the basic sciences, and more than one year’s experience in environmental sanitation. That he was a graduate of the University of Florida, with a bachelor’s degree, that his studies at the University of Florida covered a four-year college curriculum, and that *747 he has been engaged as a sanitarian since January 1950. That he is a high school graduate and he has had post-graduate work at the University of Miami for two years.
“(ii) That he has taken an examination' and has been qualified by the Florida Merit System as a sanitarian since 1950, which qualification would qualify the Petitioner for registration pursuant to Section 491.07(2), F.S.A., 1959. Attached hereto is a letter from the Honorable ANGUS LAIRD, Director of the Florida Merit System, certifying to this registration, a copy of which is attached hereto and marked Exhibit ‘C’.”
Under the heading “REMARKS (other experience)”, as contained in the application for registration, the relator stated: “Took examination and qualified as Sanitarian under Florida Merit System 1950.” And incorporated in the writ is a letter received by relator from the Director of the Florida Merit System reflecting that on August 21, 1950, relator’s name was placed on the “Sanitarian I register” but that no record was found of his “ever taking the Sanitarian II examination.” The writ does not indicate what significance, if any, is to be given to the fact that the relator took an examination and qualified as a sanitarian under the Florida Merit System, or to the fact that his name was placed on the “Sanitarian I register”, or to the fact that there is no record of his having taken the “Sanitarian II examination”; and there is no showing that the relator ever engaged in public employment pursuant to any such qualification or registration under the Florida Merit System. These recitations, therefore, lend no force to the issuance of the writ.
In answer to the question in the application form, “For whom did you first work as a sanitarian ?”, the relator replied, “Dade County Anti-Mosquito District, Miami, Dade County, Florida,” without stating the date or the nature of the work performed. The application reflects that from January 1950 to the filing of the application the relator (applicant) was self-employed as a “Certified P.C.O., Sanitation Advisor, Entomologist”, without further elaboration ; and further reflects that he is a graduate of Miami Beach Senior High, Miami Beach, Florida, of .the University of Florida with degree of B.S.A., and that he had two years of post-graduate work at the University of Miami.
Attached to and made a part of the writ is a letter from the respondent Sanitarians’ Registration Board to the relator, dated May 20, 1960, advising that the board in regular session reviewed his application in the light of the applicable law, determined that he did not “meet the requirements for registration as a Sanitarian under the Grandfather clause of said Act”, and further advised him’ that he appeared to qualify to take an examination for registration as a sanitarian, but that before providing same it would be necessary for him to furnish the board with a transcript of his college credits, whereupon, if the same were found to be in order, he would be notified of the time and place of examination.
Having stated the sum and substance of the showing made by the relator in his application for a certificate of registration as a sanitarian under the so-called “Grandfather” provisions of F.S. § 491.07, F.S.A., by which one possessing the required qualifications is entitled to become registered without necessity for taking a technical examination, we now take note of the applicable statutes:
Section 491.04(3) provides: ■
“(3) It shall be the duty of this board to carry out the provisions of this Act, except appoint members thereto, review applications for registration, conduct *748 written and oral examinations, keep records of its transactions, conduct hearings, make an annual and financial report and record all matters which appropriately may come before it. These records shall at reasonable times be open to examination by the public. Copies of the annual and financial reports shall be mailed to all registered sanitarians. Laws 1959, c. 59-191, § 4.”
Section 491.07, Florida Statutes, F.S.A., provides:
“491.07 Registration of certain persons prior to October 1, 1959. The board shall register as a sanitarian and shall furnish certificate of registration for the year 1959, to any person who applies for such registration on or before October 1, 1959, and who, on June 30, 1959, is employed - as a sanitarian and meets the qualifications for a sanitarian, as set forth by one of the following:
, “(1) [a] Two years of college (15 units of basic sciences) plus one year experience in environmental sanitation,
“[b] Two years of college (15 units in basic sciences) plus special training course for sanitarians plus six months experience in environmental sanitation,
“[c] College graduate in science or engineering plus one year-- of experience in environmental sanitation or a special training course,
“[d] A bachelor’s degree or a master of public health degree in sanitation from an approved school of public health.
“[e] High school graduate plus three years experience in environmental sanitation plus special training course in sanitation,
“[f] High school graduate plus four years experience in environmental sanitation or
“(2) The merit system, or
“(3) An accredited civil service board of Florida.
“At the time of making application, such applicant shall pay to the board a fee of ten dollars.”
Section 491.02, captioned “Definitions”, provides:
“In this act, unless the context Otherwise requires:
“(1) ‘Sanitarian’ means a person whose education and experience in the biological and sanitary sciences qualifies him to engage in the promotion and protection of the public’s health. He applies technical knowledge to solve problems of a sanitarjr nature and develops methods and carries out procedures for the control of those factors of man’s environment which affect his health, safety, and well being.
* ❖ * * * *
“(4) ‘Environment sanitation’ means the sanitary control of man’s physical surroundings and within it those factors which may adversely influence and affect his health, safety and welfare. Nothing herein shall conflict with the practice of professional engineering or the provisions of chapter 20621, laws of 1941 (§§ 471.01-471.33).”
The alternative writ of mandamus herein is in all respects the relator’s complaint and is subject to the same rules of pleading as are complaints in ordinary legal proceedings. Bradenton v. State (1953), 118 Fla. 838, 160 So. 506, 100 A.L.R. 400.
Mandamus is a harsh and extraordinary remedy. It is available to enforce a legal right that has already been clearly established, but not to establish a legal right. State ex rel. Topp v. Bd. of Electrical Examiners (Fla.App.1958), 101 So.2d 583. The writ is not awarded as a matter of right, but in the exercise of a sound judicial discretion, subject always to estab *749 lished rules of law; and the complaining party must show that he has a clear legal right to the performance of the particular duty sought to be enforced. Eldredge v. Evans (Fla.App.1958), 102 So.2d 403; State ex rel. Flagler Kennel Club, Inc. v. Florida State Racing Commission (Fla.1954), 74 So.2d 691; State ex rel. Holland v. Eau Gallie (Fla.1953), 65 So.2d 877; State ex rel. Brown v. Dewell (1938), 131 Fla. 566, 179 So. 695, 115 A.L.R. 857. When anything remains to be done, or fact to be ascertained, relief cannot be afforded by mandamus. Howell v. State (1907), 54 Fla. 199, 45 So. 453. The same rule obtains where the right depends on determination of controverted questions of fact. State ex rel. H. W. Metcalf Co. v. Martin (1908), 55 Fla. 538, 46 So. 424.
 Boards and officers charged with the duty or power of issuing a license or permit to persons wishing to engage in a particular business, calling, or profession, usually exercise a discretionary function in the matter; and where such is the case courts will not interfere with their judgment or discretion unless there is an arbitrary abuse thereof amounting to a virtual refusal to perform the duty involved or to act at all in contemplation of law. While mandamus will lie in a proper case to compel a judicial or quasi-judicial tribunal to •exercise an existing jurisdiction, the remedy has never been extended to control the discretion and judgment of such tribunal .acting within the scope of its judicial power. State ex rel. North St. Lucie River Drainage Dist. v. Kanner (1943), 152 Fla. 400, 11 So.2d 889. As said by the Florida Supreme Court in Hunter v. Solomon, Fla., 75 So.2d 803 (1954):
“Mandamus in proper cases may be used to compel a public agency to exercise a discretion vested in it but generally it cannot be used to direct the public agency to act only in a certain manner. This is especially true when investigation and a determination of •qualifications of the applicant is involved and the determination of qualifications is vested in such public agency.”
Applying the above concepts of law to this case, we think the crux of this appeal lies in the fact that mandamus is not the proper remedy here because the acts commanded concern not a ministerial duty but involve judicial discretion to a certain extent. State ex rel. Trustee Realty Co. v. Atkinson, 97 Fla. 1032, 122 So. 794 (1929), Gamble v. State, 61 Fla. 233, 54 So. 370 (1911). In the early case of Towle v. State, 3 Fla. 202 (1850), it was held that when the person against whom mandamus is prayed is invested with judicial power or acts in a deliberative capacity, or has the power and right of deciding, the writ of mandamus will not lie, except to compel him to proceed to the discharge of his duties according to his best judgment.
The duty and power vested in the respondent board by F.S. § 491.04(3), F. S.A. to “review applications for registration” is meaningless if it is to be construed as compelling the board to issue a certificate of registration under F.S. § 491.07, F.S.A. upon the basis of an application of the character in suit, a cursory examination of which reveals that it is altogether too indefinite, uncertain and incomplete to form a competent basis for the use of mandamus to compel the respondents to issue the certificate applied for. This is especially so when, as here, it is based entirely upon applicant’s unsupported statements of such a general nature as not to be construable to a definite intendment. It may be that the relator in this case is eminently qualified by training and experience to become registered as a sanitarian. This, however, has no bearing on the adequacy of the application. We interpret the statute as placing on the board the duty and quasi-judicial power of initially determining the sufficiency of the application, and we indulge the presumption that the members of the board are competent to make that determination. The alternative writ of man *750 damus herein does not show a clear right in the relator to have the court coerce the respondents in the manner indicated. It was error to deny the motion to quash the alternative writ of mandamus herein.
We are cognizant of the legislative trend to establish administrative agencies in the field of fact determination, and that this trend is looked on askance by many courts across the nation. The concept of the rule of law requires us to acknowledge, however, that this is a matter for the legislative rather than the judicial branch of government to determine, reserving always to the courts their power to review judicially the findings made by such agencies. The motion to quash the alternative writ of mandamus herein was well taken and its denial was error.
The order appealed from is reversed and this cause is remanded with directions to discharge the peremptory writ.
Reversed and remanded with directions.
Having complied with the request contained in the first-mentioned opinion of the Supreme Court of Florida, this court no longer has jurisdiction, and the cause is forthwith returned to the Supreme Court for further consideration.
It is so ordered.
CARROLL, DONALD K., C. J., and STURGIS, J., concur.
WIGGINTON, J., dissents.