155 So.2d 353 (1963)
Eugene L. SOLOMON, Petitioner,
v.
SANITARIANS' REGISTRATION BOARD of the State of Florida, and Lyman A. Schribner, James W. Messer, J.W. Kirkland, C.E. Brettell, B.G. Tennant, constituting the members of the said Sanitarians' Registration Board, Respondents.
No. 31997.
Supreme Court of Florida.
July 17, 1963.
Norman F. Solomon, Miami Beach, and Larkin, Lewis & Decker, Jacksonville, for petitioner.
Richard W. Ervin, Atty. Gen., Robert C. Parker, Asst. Atty. Gen., and Jones & Harrell, for respondents.
THORNAL, Justice.
By a petition for a writ of certiorari we are requested to review a decision of *354 the District Court of Appeal, First District because of an alleged conflict with a decision of the District Court of Appeal, Third District.
The point for decision is whether mandamus is an appropriate remedy to compel the issuance of certificate of registration to a "sanitarian" under the statutory grandfather clause contained in Section 491.07, Florida Statutes, F.S.A.
The development of the litigation and the factual background is reflected by the decision under review. Sanitarians' Registration Board et al. v. Solomon (Fla.App.), 148 So.2d 744. The original decision of the District Court reflected an absence of a majority opinion on the reasons for reversal of the trial court. Sanitarians' Registration Board et al. v. Solomon (Fla. App.), 142 So.2d 301. We remanded the cause to the District Court with the request that the majority endeavor to reconcile their views in an opinion which would announce the theory and reasoning upon which their judgment of reversal was based. Solomon v. Sanitarians' Registration Board (Fla.), 147 So.2d 132. The District Court has complied with our request. We are indebted to that Court for the expression of its views in response to our invitation. Sanitarians' Registration Board v. Solomon, Fla.App., 148 So.2d 744. It is this decision which we now review.
Chapter 491, Florida Statutes, designated as "Sanitarians Registration Act", was enacted as Chapter 59-191, Laws of 1959. Section 491.02, defines various terms including a description of a "sanitarian." Fortunately, we are not called upon to categorize the various businesses and professions which appear to be comprehended by the sweeping language of the definition of a "sanitarian." The issue is not submitted for consideration.
The problem before us presents the contention of Solomon that he was entitled to registration as a sanitarian without examination under Section 491.07, Florida Statutes, F.S.A., which, in the parlance of statutory interpretation, is known as "a grandfather clause."
Within the time prescribed by Section 491.07, supra, Solomon applied to the respondent Board for a certificate of registration without examination. The essential content of the application is recited by the opinion of the District Court. The so-called "grandfather clause" provided that "[t]he board shall register as a sanitarian and shall furnish [a] certificate of registration for the year 1959", to any person who applies therefor before October 1, 1959, and who on June 30, 1959, is employed as a sanitarian and who meets certain statutory qualifications. Among the qualifications which would entitle one to registration under the grandfather clause without examination the statute provides:
"(1) Two years of college (fifteen units in basic science) plus one year experience in environmental sanitation.
or
"(2) College graduate in science or engineering plus one year of experience in environmental sanitation or a special training course."
As we read the content of Solomon's application as it is revealed by the opinion of the District Court, he asserted the qualifications for registration without examination required by the above quoted provisions of the grandfather clause.
Apparently, without a hearing of any sort, the respondent Board thereafter notified Solomon that it had reviewed his application in the light of applicable law and had determined that he did not "meet the requirements for registration as a sanitarian under the grandfather clause of said Act." The Board advised the applicant that he appeared to have the qualifications to take an examination for registration as a sanitarian and tendered to him an opportunity to take such an *355 examination. Sections 491.06, 491.09, Florida Statutes, F.S.A. It will be seen that the Board examined the application and on the basis of such examination concluded as a matter of law that Solomon was not entitled to registration under the grandfather clause albeit the application reflected the presence of qualifications which, if factually undisputed, would entitle him to the grandfather privilege.
Thereupon, Solomon instituted the instant proceeding in the circuit court seeking a writ of mandamus to compel the issuance of a certificate. His petition for the writ contained in detail the factual background which we have epitomized. The trial judge denied the Board's motion to quash the alternative writ. After hearing extensive testimony he issued the peremptory writ. On appeal, the District Court of Appeal, First District, held that error was committed in denying the motion to quash. The judgment awarding the peremptory writ was reversed without an exploration of testimony.
The crux of the holding of the District Court was that in passing on the adequacy of the application the respondent Board was endowed by the statute with a discretionary power which, when performed, constituted the exercise of a quasi-judicial function which places it beyond the scope of the compulsive process of a writ of mandamus. The District Court announced the view that Section 491.07, Florida Statutes, F.S.A., when read in the light of Section 491.04(3), Florida Statutes, F.S.A., granted to the Board the power to exercise a quasi-judicial authority in passing upon the sufficiency of the initial application.
Solomon here contends that the decision of the District Court of Appeal, First District, collides with the decision of the District Court of Appeal, Third District, in State ex rel. Greenberg v. Dade County et al., 120 So.2d 625. We have concluded that the contention is meritorious and that there is a conflict of decision which supports the jurisdiction of this Court.
Greenberg involved the application of an analogous grandfather clause. In a mandamus proceeding the District Court of Appeal, Third District, held that a Board of Electrical Examiners had no discretion in applying the requirements of a legislative directive in awarding a certificate of competency without an examination. The sum of the Third District's holding was that the examining Board was bound as a matter of law to issue the certificate upon the showing of facts prescribed by a Dade County Metropolitan ordinance. It held that when a legislative enactment prescribes the factual elements essential to the issuance of a certificate under a grandfather provision, the administrative Board has no discretion available to it when the legislative prescription is met. By contrast, in the instant case, the District Court of Appeal, First District, has held that in accepting or rejecting the legal sufficiency of an application the administrative board is endowed with a quasi-judicial discretion, even though there has been no challenge to the facts contained in the application.
We deem the two decisions to be in direct conflict and we find, therefore, that we have jurisdiction to proceed to consider the merits.
It will be recalled that the District Court held that mandamus was not available to the petitioner Solomon because of the discretionary nature of the cause of the discretionary nature of the power to be exercised by the respondent Board in examining the application. There is no evidence that the Board conducted adversary proceedings after notice and opportunity to be heard. The Board did not dispute the factual content of Solomon's application. It merely determined that the application was insufficient under the grandfather clause. It should also be recalled that by Section 491.07, supra, the Legislature itself prescribed the factual elements which, if present, would entitle Solomon to registration as a sanitarian without examination. We are compelled to disagree with the District Court in its *356 holding that the respondent Board exercised a quasi-judicial power in examining the application whether the results were to accept or reject it. This is so because the Legislature itself has stipulated the specific circumstances which would entitle one to the benefit of the grandfather provision. In examining and passing upon the application itself, the respondent Board merely exercised a ministerial function and was totally lacking in any discretion or quasi-judicial power.
In a licensing statute of the type before us, a grandfather clause simply exempts from an examination otherwise required, those engaged in the regulated business at the time of the enactment who have certain qualifications which the Legislature deems sufficient to preclude the necessity of a qualifying examination. Eslin v. Collins, Fla., 108 So.2d 889.
By Section 491.07, supra, the Legislature specifically stipulated the qualifications of those who would be entitled to registration without examination under the grandfather clause. By the same section it is clear that the Legislature had no intention of according any discretion to the respondent Board in that regard. It provided that the Board "shall register" and "shall furnish a certificate", to those meeting the requirements of the Act.
The District Court construed that statute as conveying to the Board a discretionary quasi-judicial power. We cannot draw this conclusion from the language of the act. We have the view that under the section cited the Board was required to exercise a purely ministerial function. It is persuasive that the Attorney General has similarly construed the act. By an opinion to the respondent Board on December 4, 1961, with reference to the subject grandfather clause, the Attorney General advised that "the Sanitarians' Registration Board does not have any discretionary power to modify, change, revise or dispense with the license requirements provided by statute." Opinions of the Attorney General, 061-187.
Admittedly, mandamus is not an appropriate remedy to compel an administrative Board to exercise its discretion in a particular manner. Similarly, mandamus cannot be employed as an appellate remedy to review quasi-judicial action of an administrative agency. DeGroot v. Sheffield, Fla., 95 So.2d 912. In situations where judgment of the administrative agency represents an exercise of judicial discretion pursuant to a hearing held after notice to the parties concerned, mandamus is not the proper method of review. Rather, certiorari should be employed. DeGroot v. Sheffield, supra.
However, where an administrative agency is authorized to exercise a purely ministerial function, as was the situation presented to the trial court, its action may be compelled by mandamus. In this regard, official action is considered ministerial when it is arrived at as the result of the performance of a specific duty arising from legislatively designated facts. A ministerial duty is one which is positively imposed by law to be performed at a time and in a manner or upon conditions which are specifically designated by the law itself absent any authorization of discretion to the agency. First National Bank of Key West v. Filer et al., 107 Fla. 526, 145 So. 204, 87 A.L.R. 267.
In the instant situation the respondent Board was totally lacking in any discretion in registering a sanitarian under the grandfather clause. Certainly, this is obvious in the matter of acting on the application and in the absence of any contest on the facts thereof. By contrast, in passing upon the eligibility of those required to take an examination the Board is accorded a measure of judicial discretion which is not present in considering the application of those entitled to be registered under the grandfather clause. In the latter *357 situation, as stated by the District Court, Third District, in State ex rel. Greenberg v. Dade County et al., Fla.App., 120 So.2d 625, it is the clear legal duty of the Board to issue the registration certificate when the facts required by the Legislature have been demonstrated.
The foregoing leads us to conclude that error was committed when the District Court held that the motion to quash the alternative writ should have been granted. Conversely, the trial judge ruled correctly in denying the motion. Accordingly, the decision of the District Court of Appeal is quashed and the cause is remanded to that Court for further proceedings consistent herewith.
It is so ordered.
DREW, C.J., and ROBERTS, O'CONNELL and CALDWELL, JJ., concur.