PER CURIAM. ,
Appellant, Gerald McKire, raises three issues in his appeal from the trial court’s denial of his Petition for Writ of Mandamus. We affirm as to the first two issues *907 without comment. Because we cannot consider appendix material, not the subject of the current appeal, we affirm the trial court’s decision as to the third issue, and find that on the record facts the trial court did not err in denying Mr. McKire’s petition to compel the Department of Corrections to provide him certain departmental documents.
We note, however, that while inmates possess a necessarily restricted access to documents and must follow enumerated procedures to obtain them, these hurdles do not mean inmate access is non-existent. See § 945.10(3), Fla. Stat. (2012); Fla. Admin. Code R. 33-601.901(l)(a)(l), (4). Upon a proper factual showing that an inmate has met the legal conditions for access, mandamus would be an appropriate remedy where an agency has a non-discretionary duty imposed by law to provide access and has failed to do so. See Solomon v. Sanitarians’ Registration Bd., 155 So.2d 353, 356 (Fla.1963).
AFFIRMED.
BENTON, C.J., CLARK, and MAKAR, JJ., concur.