FRED M. YORK, Chairman, and L. D. PANKEY, W. L. McLEOD, A. B. WHITMAN, and H. B. PATTISHALL, as and Constituting the Florida State Board of Dental Examiners, v. STATE *ex rel.* T. K. JONES.

197 So. 766

En Banc

Opinion Filed September 6, 1940

Rehearing Denied September 30, 1940

*W. B. Dickenson* and *Dickenson & Dickenson,* for Appellants;

*Pat Whitaker* and *Whitaker Brothers,* for Appellee.

TERRELL, C. J.—This appeal is from a final decree awarding peremptory writ of mandamus against appellants who were respondents below directing them to issue appellee, as relator, a certificate to practice dentistry in the State of Florida. It appears that a motion to quash the alternative writ had been overruled and respondents announced that they declined to answer or plead further.

Appellants contend that the alternative writ does not show a clear right on the part of appellee to the relief sought nor does it show a legal duty on the part of respondents to grant such relief. It is also contended that the commands of the peremptory writ do not follow the allegations of the alternative writ.

Summarized, the alternative writ shows that respondents constitute the Florida State Board of Dental Examiners, that relator applied to said Board to be permitted to take the examination and if found qualified, that he be granted a certificate to practice dentistry in the State of Florida, that with his application to take the examination, he submitted proper showing as to moral, scholastic, and professional qualifications which were examined and accepted and relator was admitted to take the examination but was later

advised that he failed to pass, that substantially the same thing took place at three examinations including that of June, 1939, with the same results. It is then alleged that relator made as high mark as others who took the examination at the same time and were granted a certificate by respondents to practice dentistry, that relator did in fact pass said examination and should have been granted a certificate but that respondents illegally, unlawfully, capriciously, and from prejudice "flunked" relator and refused to issue him a certificate.

The alternative writ prays that respondents be required to procure the examination papers of all applicants who took the examination with relator in June, 1939, and were granted certificates together with the examination papers of relator that the court may through such medium as it shall deem proper make inquiry and determine whether or not relator's grade entitled him to a certificate and whether or not respondents have capriciously, fraudulently, and from prejudice, refused to issue relator a certificate to practice dentistry in the State of Florida.

In refusing to answer or plead further to the alternative writ, respondents elected to stand on their motion to quash, so the question presented here is whether or not the court below erred in denying the motion to quash the alternative writ.

In this state of the record, all facts sufficiently pleaded were admitted to be true. We hold the allegations of the alternative writ to be ample to show a right on the part of relator and a duty on the part of respondent to grant the right sought to be coerced. In other words, when an ap-.plicant to take the examination for a certificate to practice dentistry has complied with all the requirements of the law and the Board has approved his application and admits him

to the examination, if he makes the mark required to pass, it becomes the duty of the Board to issue him a certificate and if it refuses, that duty may be enforced by mandamus. The character and qualification of the applicant in this are not challenged. The entire defense is one of technical objection to the writ.

From all the record discloses, the relator met every legal requirement imposed on him. Had the allegations of the alternative writ been denied, he would have been entitled to have the examination papers of all those who passed, including his own, brought before the court for comparison by such means as the court might order to answer or refute his charges. The law requires that such papers be kept for at least two years; they are a part of the public records of the Board and may be usd for this purpose. *In re:* Littlefield, 61 Wash. 150, 112 Pac. 234; Rutledge v. State Medical Board, 106 Ohio St. 544, 140 N. E. 132; Iowa Eclectic Medical Association v. Schraeder, 87 Iowa 654, 55 N. W. 24.

We have not overlooked the discretion vested in respondents in a case of this kind. When an applicant applies and presents his credentials to take the examination, they are the judge of these and they may reject him if not shown to meet all the requirements but after he has qualified and passed the examination in the absence of adverse showing, he cannot be deprived of a certificate. Administrative boards are vested with no such arbitrary hegemony over individual rights as is charged here. Ours is still a government of laws and not one of men actuated by caprice and arbitrary power. The highest duty of the man or board whose duty is to administer laws, rules, or regulations is to see that they bear equally on all persons and groups.

The question of whether or not mandamus is the proper

remedy to coerce a duty of the kind involved here is too well settled in this State to require discussion or citation of authority. The judgment below is therefore affirmed.

Affirmed.

WHITFIELD, P. J., BUFORD, CHAPMAN and THOMAS, J. J., concur.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.