FRED M. YORK, as Chairman and L. D. PANKEY, W. L. McLEOD, A. B. WHITMAN, and H. B. PATTISHALL, as and constituting the Florida State Board of Dental Examiners, v. STATE, ex rel. DAVID WILLIAM SCHWAID.

10 So. (2nd) 813                                  June Term, 1942
January 11, 1943                                  Division B
Rehearing Denied February 1, 1943

*Charles Cook Howell, Charles Cook Howell, Jr., Morehead & Palot* and *J. Tom Watson,* Attorney General, for appellants.

*Whitaker Brothers,* for appellee.

TERRELL, J.:

This is a mandamus proceeding in which appellee seeks to require appellants as members of the State Board of Dental Examiners to issue him a certificate to practice dentistry in the State of Florida as the result of an examination taken for that purpose. The appeal is from a final judgment awarding a peremptory writ of mandamus.

Appellant contends that this judgment should be reversed because (1) the State Board of Dental Examiners is authorized to require that all applicants to practice dentistry pass a theoretical and a practical examination and that such an examination was given appellee; (2) the evidence shows that appellee failed to pass said examination, and (3) since appellee failed to pass said examination, it was error to require the production of the examination papers of other applicants who took the examination at the same time.

In his petition for alternative writ of mandamus, appellee grounded his claim to a certificate on the allegation that he was qualified to practice dentistry in the State of Florida, that he took the examination and made a passing grade and as high a grade as other applicants who took the same examination and were passed and that he was deliberately "flunked" on account of prejudice and caprice of appellants.

Such was the issue on which the case was tried and the court below found that appellee was in every way qualified to practice dentistry in the State of Florida, that he did in fact make a passing mark on his examination, that he is entitled to have a certificate issued to him, that appellants did capriciously and arbitrarily "flunk" appellee and that they illegally, capriciously, and arbitrarily refused to issue him a certificate.

Under the power given them to promulgate rules and regulations appellants were authorized to prescribe a standard of moral and educational qualifications for those who take the examination to practice dentistry. They may also prescribe that the examination be part theoretical and part

practical and what constitutes a passing grade in each branch but when an applicant has shown that his moral and educational qualifications measure up to the standard and he has been admitted to the examination, the appellants are then bound to accord him a fair treatment and give him an honest grade. They are not permitted to promulgate regulations as to any of these matters and conceal them from the applicant.

There is no question about the moral and educational qualification of the applicant in this case. He is shown to be a man of high moral and professional integrity, an honor graduate from one of the most reputable dental colleges in the country, has practiced dentistry since 1917 in the State of New York, having enjoyed a splendid clientele. These things do nothing more than buttress his moral character since we have no reciprocity provision in our law. Whether he made the required average of seventy-five on his theoretical and practical examination and whether or not they could require a grade of seventy-five as to each is in reality the only issue here.

Appellants admit that appellee made more than seventy-five on his practical examination but they say he made only seventy-three on his technical examination. It is contended that if the general average had been based on the total grades made in the practical and the theoretical examinations, he would have passed. It is further contended that appellee was given no credit for answers to questions in embryology and histology, that appellee was treated unfairly as to one very difficult question on his theoretical examination, that the tally sheets and other data made from the examination were juggled and refused appellee and that some of the examination papers could not be produced notwithstanding the law requires that they be kept on hand for a period of two years.

The record does not show upon which one or all of the grounds the trial court based his final judgment, or whether he based it on one or all the irregularities charged. It is a fact that in the main, none of them is denied, but all are attempted to be explained away. The trial court had the parties and the record before him and since the margin of failure was so small and could on this record have easily been

accounted for, we do not find authority to reverse the judgment.

In the main, the factors on which appellee predicated his charge of unfair treatment or grading were or should have been available to appellants and when the charge was lodged against them, it was their duty to come forward and make a clean breast of what they had. The law requires them to keep the examination papers for a period of two years and when unfair charges as to grading have been made, they should come forward with the papers and offer to disprove the charge or make provision for regrading if necessary. There could be no other reason for preserving such records and if that course had been pursued, the case would not have reached this Court.

The conduct of an administrative board toward those with whom it deals should be so fair that there is no ground to invite suspicion. It certainly will not be permitted to withhold evidence that the law requires it to keep from those who are entitled to have it and then say you did not prove your case. Administrative regulations are binding on those affected by them only when promulgated in due course. They will not be permitted to be used in an ex post facto manner as charged in this case. Fairness to the individual is the sine quo non of all legal procedure in a democracy like ours.

One of the counsel raised the question of whether of not the case was properly before this Court. We think that question is concluded by York, et al., v. State, ex rel. Jones, 144 Fla. 216, 197 So. 766. As already pointed out, we are not clear as to how the court below reached his conclusion but he was confronted with a situation made difficult by the manner in which the records of appellant were kept and we think he reached a righteous judgment. Rules of procedure were not designed for more.

Affirmed.

BROWN, C. J., CHAPMAN and THOMAS, JJ., concur.