## STATE, ex rel. BRANDON v. DADE COUNTY, et al.

No. 62-L-280.

Circuit Court, Dade County.
June 18, 1962 and June 13, 1963.

Durand A. Holladay and Richard H. M. Swann of Holladay, Swann & Gardner, Miami, for relator.

Darrey A. Davis, County Attorney, for respondents.

FRANCIS J. CHRISTIE, Circuit Judge.

*Order designating expert witness, June 18, 1962:* This mandamus action brought by Elliott M. Brandon against Dade County and the members of the Dade County mechanical contractors examining board seeks to compel the respondent board to issue to the relator a certificate of competency certifying his competency and qualifications to act in the capacity of a mechanical master, category no. 1-A, under the provisions of chapter 10 of the Code of Metropolitan Dade County.

The pertinent and controlling provisions of chapter 10 of the code require that a certificate of competency may be issued only after the applicant has passed an examination given by the contractors examining board having jurisdiction of the building trade involved. The respondent board is vested with jurisdiction to determine the competency and qualifications of mechanical masters, category no. 1-A.

The relator holds a certificate of competency issued by the respondent board as a mechanical master, category no. 2 and no. 5. He applied for an additional certificate of competency as a mechanical master, category no. 1-A, and to this end took an examination given by the respondent board on September 30, 1961. The board notified relator that he failed to pass the examination. Relator contends that he passed the examination, that the board used standards in grading his examination different from those used in grading the examination papers of other applicants, that some of the examination questions were improper, and that the board in grading his examination acted in a manner clearly arbitrary and devoid of logic and reason, and that the board abused its discretion in refusing to issue him a certificate of competency.

The respondents' return to the alternative writ of mandamus denies the material allegations thereof, and respondents contend that the examination was fairly, impartially and uniformly conducted and graded.

Ordinarily courts will not substitute their judgment for that of a duly authorized administrative examining board in respect to the qualifications and degree of competency required for the issuance of a certificate of competency or license. So long as such boards conduct their examinations fairly and uniformly in accordance with lawful authority, their judgment as to the proper grading of such examinations will not be disturbed by the courts, unless it is clearly shown to be arbitrary or devoid of logic and reason. State v. Board of Electrical Examiners, Fla. App. 1958, 101 So.2d 583.

Consequently the question here presented for determination is whether or not the examination given by the Dade County mechanical contractors examining board on September 30, 1961, for mechanical master, category no. 1-A was fairly, impartially and uniformly conducted and graded — whether or not the relator was accorded the same treatment as others taking the examination.

It appears from the file in this action that the appropriate determination of the issue presented involves the review of all the examination papers of those taking this examination. The examination papers constitute the best evidence of whether the examination was fairly and uniformly graded. The procedure utilized by the board in conducting the examination and the method of grading would constitute the best evidence of whether the examination was fairly and uniformly conducted. A great number of examination papers apparently are involved.

The parties have stipulated and agreed that Carl Frese, Sr. is an eminently qualified mechanical engineer, and that he qualifies as an expert witness in respect to the matters involved in this litigation. Moreover, the parties have agreed that Mr. Frese may be designated by the court as an expert witness for the purpose of reviewing the examination papers and the manner of conducting the examination and testifying and expressing his opinion as to whether this examination was fairly and uniformly given and graded.

Accordingly, it is hereby ordered and adjudged that Carl Frese, Sr. be and he is hereby appointed as an expert witness of this court for the purpose of reviewing, studying and examining all the examination papers, including the questions, answers, problems and solutions, records and files of the Dade County mechanical contractors examining board in connection with the examination given by the board and taken by the relator on September 30, 1961, for a certificate of competency as a mechanical master, category no. 1-A, and testifying at the trial of this action and expressing his opinion as to whether or not such examination was fairly and uniformly conducted and graded. Such expert witness shall hold a meeting or conference prior to the trial with the par-

ties and their respective counsel for the purpose of hearing the contentions of the parties concerning the question of whether or not such examination was fairly and uniformly given and graded. Such expert witness shall be entitled to receive for his services rendered in this action such compensation as shall be hereafter fixed and determined by the court, which shall be taxed as costs of this litigation.

The parties hereby jointly move and consent to the entry of the foregoing order.

Holladay, Swann & Gardner
Attorneys for Relator

By: *Durand A. Holladay*
Of counsel.

*Darrey A. Davis*
County Attorney

*Final judgment in mandamus, June 13, 1963:* An alternative writ of mandamus was issued herein, pursuant to sworn petition, directing the respondents, Dade County and its mechanical contractors examining board, to show cause why they should not issue at once to the relator, Elliott M. Brandon, a certificate of competency as a mechanical master category no. 1-A. Respondents filed in due course a return to the alternative writ of mandamus.

The controlling provisions of chapter 10 of the Code of Metropolitan Dade County authorize the issuance of a certificate of competency only after the applicant has successfully taken and passed an examination given by the county examining board having jurisdiction over the particular building trade involved. The respondent board is vested with jurisdiction to determine the competency and qualifications of mechanical masters. The relator took an examination given by the board on September 30, 1961. The board notified relator that he had failed to obtain a passing grade on the examination. Relator alleges he passed the examination, but that the board failed to conduct and grade the examination in a fair and uniform manner, in that the board used methods and standards in grading relator's examination paper different from those used in grading other applicants taking the same examination; that improper questions were included in the examination; that the board incorrectly and improperly graded relator's examination in such a manner as to be clearly arbitrary and devoid of logic and reason; and that the actions of the board constituted an abuse of discretion, and constituted an arbitrary and unlawful refusal to issue to relator a certificate of competency as mechanical master, category no. 1-A, to which he is legally entitled.

The return of the respondents denies the material allegations contained in the alternative writ of mandamus and alleges that the examination was fairly and uniformly conducted and impartially graded in accordance with the requirements of law, and that relator is not entitled to a certificate of competency because of his failure to pass the examination given to determine his qualifications.

Upon the joint motion of the parties, the court designated and appointed Carl Frese, Sr. (selected by the parties) as an expert witness of the court to review, study and investigate the questioned examination, and to express his expert opinion as to whether the examination was fairly and uniformly conducted and graded. Such expert filed written reports of his investigation and findings (which have been admitted in evidence without objection), wherein he finds as follows —

"After reviewing the examination papers, studying questions and answers, problems and solutions and examining the records and files pertaining to the mechanical masters, category 1-A, examination of September 30, 1961, as submitted, it is my opinion that the examination was impartially, uniformly and fairly conducted and graded."

The court-appointed expert witness testified that, even if the relator was given full credit for all challenged questions on the examination, he would not be entitled to a passing grade.

The court has heard the testimony, considered the evidentiary exhibits, and has had the benefit of arguments of able counsel. This matter is therefore before the court for determination of the issues presented by the pleadings, upon the evidence and the law applicable thereto.

It is elementary that mandamus is an original proceeding to enforce a clear legal right to the performance of a clear and indisputable legal duty. The purpose of mandamus is not to establish a legal right, but to enforce a legal right that has already been clearly established. State ex rel. Glynn v. McNayr, 18 Fla. Supp. 102 (1961), 133 So.2d 312 (Fla. 1961). Consequently, the question presented by this mandamus proceeding is whether or not the respondents have a clear and indisputable legal duty and the relator has a clear right to the issuance of a certificate of competency certifying that the relator is duly qualified as a mechanical master, category no. 1-A, under the provisions of chapter 10 of the Code of Metropolitan Dade County.

The relator has failed to meet the burden of proof imposed upon him to show his clear legal right to compel the respondent board to issue to him the requested certificate of competency. The evi-

dence establishes that relator failed to demonstrate his qualifications for such certificate of competency by passing the prerequisite examination, that the examination (while not a model of clarity) was reasonably fair and was uniformly and impartially conducted and graded.

As stated by the court in State ex rel. Topp v. Board of Electrical Examiners, Fla. App. 1958, 101 So.2d 583 —

"Unless the relator clearly demonstrated an abuse of discretion by the Board as to its findings concerning his examination grade, he could not establish a clear legal right to the relief sought . . .

" . . . So long as these boards conduct their examinations fairly and uniformly in accordance with lawful authority and their own rules and regulations, their judgment as to the proper grading of such examinations will not be disturbed by the courts, unless clearly shown to be arbitrary or devoid of logic and reason.

" . . . Admittedly there will be questions on examinations of this type for which the amount of credit to be given various answers may differ in the minds of reasonable men. That such condition exists is not alone sufficient cause upon which to bottom an alleged abuse of discretion . . . Under such a circumstance the court will be extremely reluctant to substitute its judgment for that of the duly authorized board; else the board would be compelled through the judicial arm of mandamus to issue its certificates of competency not in its own discretion, but upon that of the court."

On the basis of the evidence, the court is unable to conclude that the respondent board was guilty of arbitrary and capricious action or that the judgment of the board was devoid of logic and reason.

It is not the purpose of mandamus to impose the will of the relator upon an official governmental body vested with discretion in the conduct of its duties prescribed by law. In the absence of a clear showing that a governmental body was guilty of arbitrary or capricious action in the exercise of the discretionary powers vested in it, mandamus will not lie.

It is accordingly ordered and adjudged as follows — (1) Relator's prayer for a peremptory writ of mandamus is denied. (2) The alternative writ of mandamus heretofore issued by the court is discharged and quashed. (3) Relator's petition for a writ of mandamus is dismissed with prejudice, at the cost of relator. (4) Jurisdiction of this proceeding is reserved solely for the purpose of fixing and determining the amount of compensation to be

allowed to the court appointed expert witness, Carl Frese, Sr., for his services rendered herein, upon due notice, which amount when fixed shall be taxed as costs against the relator.