CARROLL, Judge.
The City of Miami and its civil service board appeal an adverse judgment in cer-tiorari rendered by the circuit court in Dade County.
The appellee John Fonner, a detective sergeant, was one of seventy police officers who participated in a civil service examination to establish a ranking list for promotion to police lieutenant. The examination consisted of written tests in three subjects or topics having different credit values, with additional credit being assigned to each applicant on his service merit and on seniority. Appellee Fonner passed the examination and gained position nine on the ranking list. He filed objection with the board contending that the method of grading was improper, and that upon a fair and proper method of grading he would have placed third on the list. The board used a “curve” method of grading which the appellee contended had the result of placing above him some examinees who would have been below him if his and their answers had been graded fairly, based on percentages of accuracy of their answers to questions. Fonner also claimed that the grading was unfair by giving too much credit to noncompetitive parts of the examination.
Under the rules of the civil service board relating to such examinations, it was provided : “In the event that the examinee believes his grading was unjust, he may within 10 days after said notice of his rating was mailed to him, appeal to the Board, specifying in detail the reasons for his complaint. If, after due consideration, the Board agrees that the complaint is justified, it will direct correction of the marking or grading of the said examination papers. All appeals must be in writing.” For the purposes of this case it is important to note that the above quoted rule, for an “appeal” to the board by an examinee who believes his grading was unjust, makes no provision for notice and hearing. The appellee Fonner filed his objection or “appeal” with the board. An informal hearing was had in the course of which the board revealed certain information relating to the processes of the examination, but failed and refused to make full disclosure of the examination papers or answers of all those placed above Fonner on the list, and the board’s grading thereof.
On rejection of his complaint by the board the appellee applied to the circuit *597 court for review by certiorari. The court granted certiorari by an order in which it was held that the method used in grading was not objective and not such as to render the examination competitive. The court directed the board to “make available to petitioner those scores as will enable petitioner to determine his proper ranking on the eligible register.” [Emphasis supplied.] Further, the order on certiorari directed the civil service board to regrade the written portion of the examination by use of an “objective method” of grading.
On appeal the city and the board contended that the action of the civil service board was not a quasi judicial ruling and for that reason was not reviewable on certiorari. We uphold that contention of appellants.
Not only did the civil service rules fail to make provision for a quasi judicial hearing on an appeal to the board by an examinee, but the hearing which took place was informal and not a quasi judicial proceeding. The result was that the record upon which the circuit court attempted to review the matter on certiorari was incomplete and grossly inadequate under the circumstances of the case. Therefore, resort to certiorari was not appropriate. De Groot v. Sheffield, Fla.1957, 95 So.2d 912; Bloomfield v. Mayo, Fla.App.1960, 119 So.2d 417; Harris v. Goff, Fla.App.1963, 151 So.2d 642.
In Bloomfield v. Mayo, supra, the first district court of appeal, speaking through Chief Judge Wigginton, said:
“Furthermore, a proceeding in cer-tiorari contemplates that the reviewing court’s consideration shall be confined strictly and solely to the record of the proceedings conducted by the administrative agency on which its questioned order is based. In the case before us it is perfectly clear that no hearing, quasi-judicial in character, was either required by the statute nor held by the agency. The meeting of the committee was informal in nature and consisted more of an exchange of views and exhibition of documents explaining and extolling the merits of plaintiff’s pesticide product rather than a quasi-judicial proceeding. * * *
:{: í¡: ‡
“ * * * If the only relief sought by appellant was to secure a right to registration of its product allegedly given it by statute, which right was being wrongfully denied it by the administrative order under assault, the proper method of procedure would have been by petition for writ of mandamus.
The petitioner was entitled to have the facts relating to his examination papers and those of the other examinees involved produced to the court, and then to have the court determine the position on the list or register for promotion to which the petitioner was entitled from proper and fair grading of such examination papers. The remedy to seek that was by mandamus, as pointed out in Bloomfield v. Mayo, supra, and as held in York v. State ex rel. Jones, 144 Fla. 216, 197 So. 766; York v. State ex rel. Schwaid, 152 Fla. 285, 10 So.2d 813.
In York v. State ex rel. Jones, supra, the relator had taken an examination seeking a certificate to practice dentistry. Being otherwise qualified he was rejected on the basis of such examination. In a mandamus action against the state board of dental examiners he obtained a peremptory writ. Regarding the form of remedy the Su-preir e Court, on the appeal therefrom, said: “The question of whether or not mandamus is the proper remedy to coerce a duty of the kind involved here is too well settled in this State to require discussion or citation of authority.”
And in dealing with the matter the Supreme Court further said (197 So. at 767):
* * It is then alleged that relator made as higñ mark as others who took the examination at the same *598 time and were granted a certificate by respondents to practice dentistry, that relator did in' fact pass said examination and should have been granted a certificate but that respondents illegally, unlawfully, capriciously, and from prejudice ‘flunked’ relator and refused to issue him a certificate.
“The alternative writ prays that respondents be required to produce the examination papers of all applicants who took the examination with relator in June, 1939, and were granted certificates together with the examination papers of relator that the Court may through such medium as it shall deem proper make inquiry and determine whether or not relator’s grade entitled him to a certificate and whether or not respondents have capriciously, fraudulently, and from prejudice, refused to issue relator a certificate to practice dentistry in the State of Florida.”
The case of York v. State ex rel. Schwaid, supra, also involved a mandamus proceeding to compel the members of the state board of dental examiners to issue a certificate to practice to the relator as the result of the examination taken by him for that purpose. The trial court awarded a peremptory writ of mandamus, which the Supreme Court affirmed. In the opinion in that case the Court said:
“In the main, the factors on which appellee predicated his charge of unfair treatment or grading were or should have been available to appellants and when the charge was lodged against them, it was their duty to come forward and make a clean breast of what they had. The law requires them to keep the examination papers for a period of two years and when unfair charges as to grading have been made, they should come forward with the papers and offer to disprove the charge or make provision for regrading if necessary. There could be no other reason for preserving such records and if that course had been pursued, the case would riot have reached this Court.
“The conduct of an adminisrative board toward those with whom it deals should be so fair that there is no ground to invite suspicion. It certainly will not be permitted to withhold evidence that the law requires it to keep from those who are entitled to have it and then say you did not prove your case. Administrative regulations are binding on those affected by them only when promulgated in due course. They will not be permitted to be used in an ex post facto manner as charged in this case. Fairness to the individual is the sine quo non of all legal procedure in a democracy like ours.
“One of the counsel raised the question of whether or not the case was properly before this Court. We think that question is concluded by York et al. v. State ex rel. Jones, 144 Fla. 216, 197 So. 766. * * * ”
Accordingly the judgment appealed from is reversed and the cause is remanded to the circuit court with directions to treat the petition as one for mandamus and to issue an alternative writ of mandamus directed to the board to produce before the court the examination papers (or if unavailable then the record of answers) of applicants who were placed above the appellee Fonner on the list as a result of the examination, together with a disclosure of the treatment and grading thereof by the board, as deemed proper in order for the court to determine ranking or position upon the list to which relator may be entitled upon fair and proper grading of his examination papers with relation to those of the other examinees involved..
Reversed, and remanded with directions.