ERVIN, Justice
(concurring specially):
I agree that under Appellate Rule 4.5(a) (2) we can not entertain this mandamus action because questions of fact have been raised which require the taking of testimony.
However, it appears to me that the State, acting through the State Board of Education and the State Superintendent of Education, cannot escape responsibility or duty in respect to the questions raised concerning the subject examinations because they were given by the National Educational Testing Service, a private corporation, and not directly by the State Board of Education. The State by F.S. § 231.16(2) (a), F.S.A., *162 has recognized and accepted-the national teacher examinations and the scores made by-teachers in such examinations as one of the criteria in determining the nature of the teacher’s certificate to be issued, which also involves the rank of the teacher in respect to his status and compensation. It follows that there is an agency relationship between the National Educational Testing Service and the State relative to the examination and certification of teachers. The State Superintendent and the members of the State Board of Education are the officers who act for the state in the administration of this subject. Therefore when a teacher in a proper case prima facie asserts a legal right respecting his particular examination by the Testing Service and complains that the score he made on the examination has been improperly withheld from him, I think it is the duty of the State to either ascertain the facts and directly respond in the case or see to it the Testing Service responds as to the merits of the issues raised. See York v. State ex rel. Jones, 144 Fla. 216, 197 So. 766, and York v. State ex rel. Schwaid, 152 Fla. 285, 10 So.2d 813. This would follow despite the fact a state agency uses the services of a private testing concern to conduct examinations and utilizes its work product rather than the state agency directly giving the examination.
It would appear the mandamus . action which was sought to be. maintained here could be brought in the Circuit Court or in lieu thereof the administrative hearing procedure provided by the regulation in Florida Administrative Code Section 287-2.13, adopted pursuant to F.S. Ch. 120 (Part II), F.S.A., the Administrative Procedure Adjudication Act, could be utilized to reach the merits. Under such regulation the Florida Professional Teaching Practices Commission would conduct the hearing and recommend its findings to the State Superintendent. ' Right of administrative appeal to the State Board of Education is provided in the regulation.