QUESTIONS: 1. Does the use of oral examinations by various Florida professional and occupational licensing boards violate the requirement of anonymity of the applicant as is provided in s. 455.011, F.S.? 2. More specifically, does an oral examination violate the examinee's right to an examination free from any and all prejudice or bias?
SUMMARY: The use of oral and practical examinations, by state administrative boards, does not per se violate the requirements of s. 455.011, F.S. If proper procedural protections are followed, s. 455.011 recognizes proper oral and practical examinations. Section 455.011, F.S., enacted by Ch. 61-47, Laws of Florida, provides that the administrative boards defined in s. 455.01, F.S., shall conduct their examinations "in such a manner that the applicant shall be known by number only until such examination is completed and the proper grade determined." Most of the administrative boards have statutory authority in their individual practice act to examine applicants by oral and practical examination. The various statutory provisions providing for oral and practical examination were enacted both prior to and subsequent to enactment of the anonymity requirement of s. 455.011. Assuming that each examination is within the scope of the particular act, it is my opinion that an oral or practical examination, when statutorily authorized, would not per se violate the anonymity requirement of s. 455.011. Section 455.011, F.S., requires a board to conduct "such examination" in a manner so that the applicant is known only by number. An "accurate record of such examination" is required to be preserved "together with all examination papers" for a period of two years. The Legislature has not restricted the term "examination" to "written" and has provided that the records of an examination are to be kept with the written examination papers. Cf. Civil Service Bd. of City of Miami v. Fonner, 181 So.2d 595 (3 D.C.A. Fla., 1966). This legislative usage of the general term examination expresses the intent to include all types of examinations since the use of a general term is deemed to include all aspects thereof. State v. City of Jacksonville, 50 So.2d 532 (Fla. 1951); Florida State Racing Comm'n v. McLaughlin, 102 So.2d 574 (Fla. 1958). This conclusion has been judicially affirmed in State ex rel. Ackerman v. Rothenberg, 17 Jud. Circuit, No. 72-9439, opinion filed August 7, 1974. In Ackerman, the board had administered an oral examination without proper examination standards and without keeping a proper record of the oral examination in violation of s. 455.011, F.S. The court recognized the compatibility of s. 455.011 and oral examinations under the proper testing standards if a record of the oral examination is preserved, stating: That to assure such fundamental fairness, each examining board should promulgate rules and regulations setting forth examination procedures which comport with Section 455.011, supra; setting forth the nature and objective of any oral examination which may be administered; the proportion as to the total grade such an oral examination is to be given toward the entire written, practical, and/or oral examination; the scope of the questions of an oral examination; the method of grading such oral examination; and the method of administering such oral examination. * * * * * That the absence of an accurate record of the said oral examination of the Petitioner makes impossible, upon judicial review, to determine whether the Petitioner was afforded due process or fundamental fairness in the administration and grading of said examination. The applicability of this concept of "fundamental fairness" to administrative proceedings affecting "valuable rights" of citizens was most recently considered in Hollywood Jaycees, et al. v. Florida, !mLN!x So.2d !mLN!x (Fla. 1974). Proper professional standards are available and may be developed to assist administrative boards in this matter. Section 455.011, F.S., recognizes an oral or practical examination if proper procedural safeguards are undertaken so that the applicant is known by number only. An oral or practical examination does not per se violate an examinee's right to a nonbiased and nonprejudicial examination. The examination requirements of "number only" and preservation of examinations for two years are statutory standards to prevent arbitrary and capricious use of powers by administrative boards that result in a denial of fundamental fairness in examinations. York v. State ex rel. Schwab, 10 So.2d 813 (Fla. 1943). In York v. State ex rel. Jones, 197 So. 766 (Fla. 1940), the Florida Supreme Court issued a writ to permit licensure of an individual that was apparently denied a license in such a prejudicial manner. The court also stated that the board's administered examination papers "are part of the public records of the Board and may be used for this purpose." Attorney General Opinion 074-259. The recordings, tapes, or other devices utilized to preserve the oral examination must be disposed of, as public records, in compliance with retention requirements of Ch. 267, F.S., and s. 119.041, F.S.