QUESTION: Is the State of Florida legally obligated to provide reexamination to those applicants for professional licensure whose examination papers have been destroyed contrary to the provisions of s. 455.011, F.S.?
SUMMARY: Unless an examinee asserts the right to have his examination paper produced for review, the state is under no affirmative obligation to provide, on its own initiative, reexamination, even though examination papers may not have been preserved for the statutorily specified period of time. A necessary presupposition of your request is the asserted conclusion that such examination papers have been illegally destroyed. This opinion should not be construed in any way as passing upon whether or not such acts have, in fact, occurred. Section 455.011, F.S., provides in pertinent part that: . . . An accurate record of such examination [licensing examination] shall be made and said record, together with all examination papers shall be filed with the secretarytreasurer or the presiding officer of said board, if said board does not have a secretary-treasurer, and shall be kept for reference and inspection for a period of not less that two years immediately following said examination. . . . The affirmative obligation placed upon licensing boards by the Legislature is abundantly clear (additionally, see AGO 074-259), and the requirement that such examinations be preserved for not less than 2 years has been the law of this state for at least 35 years. See York v. State,197 So. 766 (Fla. 1940) and York v. State, 10 So.2d 813 (Fla. 1942). As was stated by the court in York v. State, supra (1942), and subsequently cited with approval in Civil Service Board of City of Miami v. Fonner, 181 So.2d 595 (3 D.C.A. Fla., 1965): . . . The law requires them [licensing boards] to keep the examination papers for a period of two years and when unfair charges as to grading have been made, they should come forward with the papers and offer to disprove the charge or make provision for regrading if necessary. There could be no other reason for preserving such records. . . . The principle embodied in s. 455.011, F.S., has more recently found judicial interpretation in Ackerman v. Florida State Board of Examiners of Psychology, Case No. 72-9439, 17th Judicial Circuit, to the effect that "(t)he purpose of such requirement is to provide the candidate an opportunity for review of an examination in keeping with the doctrine of fundamental fairness." In Ackerman, as in the previously cited cases, the plaintiff challenged the results of a licensing examination as reported by the licensing agency. The court found, upon review of all evidence presented, that the Board of Examiners of Psychology had not maintained "an accurate record of the said oral examination of the Petitioner . . . [and it was therefore] impossible, upon judicial review, to determine whether the Petitioner was afforded due process or fundamental fairness in the administration and grading of said examination." See AGO 075-26. In Ackerman, the plaintiff availed herself of her right to review of the examination. At the moment of that request, an affirmative action instituted by the examinee, the board was unable to produce the accurate record of said examination and, on that basis, the court determined that the examinee had been denied the protection afforded by s. 455.011, F.S., and was therefore entitled to reexamination. It is common knowledge that not every unsuccessful examinee for licensure (by any licensing board) seeks to challenge the determination of the board as to the quality of his or her effort, although each such individual undeniably has that prerogative within the strictures prescribed by statute. Likewise, and assuming solely for the purpose of this discussion that the board referenced in your request has disposed of examination papers contrary to s. 455.011, F.S., it is clear that an unsuccessful examinee for licensure by the Board of Podiatry would be denied the protection of that statute as interpreted by the Ackerman court, should that individual seek review of, or challenge, examination results. The key to the progression which culminates in the purported denial of right is the initial request by the individual to have the examination reviewed or to inspect said examination paper. Absent such initiating request, the denial of right is only potential. Until such point as an individual examinee challenges the board-reported score or requests review of the examination, I am of the opinion that neither the board nor the state is under an obligation to afford reexamination to such person, based on the above-referenced court decision or the violation of s. 455.011, F.S.