QUESTION: Does each state licensing board have the responsibility, based on nationwide examination case law, to provide assurance that their examinations meet professionally acceptable standards for examinations?
SUMMARY: State administrative boards listed at s. 455.01, F.S., have no statutory duty or responsibility to require that their examinations meet the professional standards for examinations prescribed by the American Psychological Association's Standards for Educational and Psychological Tests (1974). You state that the "professionally acceptable standards" alluded to in your question refers to the American Psychological Association's Standards for Educational and Psychological Tests (1974). Absent a legislative enactment authorizing or requiring the administrative boards listed at s. 455.01, F.S., to impose the requirement upon an examination applicant, these boards have no statutory duty or authority to adopt or adhere to these standards. Administrative boards and members thereof possess no common law powers. They are creatures of the Legislature and what powers they have are limited to the statutes that create them. The powers, duties, and authority of an administrative body created by the Legislature are those and only those that are conferred either expressly or impliedly by statute. City of Cape Coral v. GAC Utilities, Inc.,281 So.2d 493, 496 (Fla. 1973). Any reasonable doubt as to the lawful existence of a particular power that is being exercised by an administrative body must be resolved against the exercise thereof and the further exercise of the power should be arrested. Edgerton v. International Company, 89 So.2d 488 (Fla. 1956). Also see State ex rel. Greenberg v. Florida State Board of Dentistry,297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed,300 So.2d 900 (Fla. 1974); State ex rel. Burr v. Jacksonville Terminal Company, 71 So. 474 (Fla. 1916); AGO 075-94. Although all of the administrative boards listed at s. 455.01, F.S., have the express statutory authority to prepare, administer, and grade examinations for admittance to their respective professions and occupations, there is no statutory duty imposed, authority granted, or requirement that any aspect of the examination process of the several administrative licensing and regulatory boards conduct their examining processes in such manner as to meet or follow the criteria prescribed by the American Psychological Association's Standards for Educational and Psychological Tests (1974). Therefore, until the Legislature specifically requires either that the association's testing standards become a part of the examination process of state administrative boards or empowers such boards to impose such requirements upon applicants for examination, the answer to your question must be in the negative. It should also be noted that if a question arises concerning the fairness and accuracy of a test presently being administered by the boards found at s. 455.01, F.S., the provisions of s. 455.011, F.S., could be utilized to require licensing boards to ". . . come forward with the papers and offer to disprove the charge or make provision for regrading if necessary. . . ." York v. State, 197 So. 766 (Fla. 1940); Civil Service Board of City of Miami v. Fonner, 181 So.2d 595 (3 D.C.A. Fla., 1965). Also see AGO 075-81. It has been said that the purpose of the 2-year recordkeeping requirement of s. 455.011 is to allow an examination candidate ". . . the opportunity for review of an examination in keeping with the doctrine of fundamental fairness." Ackerman v. Florida State Board of Examiners of Psychology, No. 72-9439, 17th Judicial Circuit.