HURLEY, Judge.
Appellant contests an order of the Secretary of Transportation requiring the removal of a billboard sign located on State Road 84. We uphold the order.
In 1974, appellant secured a building permit from Broward County to erect an outdoor advertising structure. Although in completing the county permit application appellant had checked the appropriate box for a double-faced sign, only a single-face structure facing west was erected. This structure, located in an unincorporated area of Broward County along a federal-aid primary highway, was also permitted by the Department of Transportation.
In January, 1978, appellant erected the east face of the structure, thereby converting it to a double-faced sign, and then sought a permit from the Department of Transportation for the newly-erected east-face.[1] During the required inspection conducted by the Department prior to the issuance of its permits, it was discovered that the east face is within 292 feet of another sign-structure facing east on the same side of the highway, contrary to the 500-foot requirement of Rule 14-10.06(l)(b)(3), Florida Administrative Code. The Department notified appellant that his sign was in violation of both this Rule and Section 479.025, Florida Statutes (1975).
Following a hearing held on the above-cited violations, Section 479.025 was found to be inapplicable since it had been repealed in 1977. The sign, however, was found to be in violation of the spacing requirements of Rule 14-10.06(l)(b)(3) and its removal was ordered.
On appeal, appellant argues that the Department should be estopped from requiring removal of the sign since the Department had failed to comply with the procedures relevant to the rejection of permits as set out in Rule 14-10.04(1), Florida Administrative Code. The Department points out, however, that at the time appellant applied for the permit, this rule did not contain the procedural requirements cited to by appellant. Thus,, appellant has failed to establish reversible error in conjunction with the processing of its application.
Appellant was found to be in violation of Rule 14 — 10.06( 1)(b)(3), Florida Administrative Code, which provides:
Federal-Aid Primary Highways
No two structures shall be spaced less than five hundred (500) feet apart on the same side of the highway facing the same direction.
Appellant argues that this rule is inapplicable and, in support of his argument, cites Rule 14-10.06(l)(b)(l)(b), Florida Administrative Code, which provides as follows:
Signs on a multiple sign structure or structures, to be counted as one sign for spacing purposes, must be physically contiguous, or connected by the same structure or cross-bracing, or located not more than 15 feet apart at their nearest point in the case of back-to-back or “V” type signs.
The structure herein has a cross-bracing and meets the criteria for a “V” type sign. Thus, appellant contends that it should be considered one structure. Moreover, since the original structure was erected in 1974, and administrative regulations may not be used in an ex post facto manner, York v. State ex rel. Schwaid, 152 Fla. 285, 10 So.2d 813 (1943), appellant reasons that it is not subject to the space requirement of Rule 14-10.06(l)(b)(3) which was enacted in 1977.
While the language used in Rules 14-10.-06(l)(b)(l)(b) and 14~10.06(l)(b)(3) is less than cohesive, the Department’s intent is clear and we are unable to agree with appellant’s contention. It is undisputed that *1349 the east face of appellant’s structure is located within 292 feet of another structure which also faces east on the same side of the highway. Appellant has failed to convince the court that 14-10.06(l)(b)(l)(b) allows it to circumvent the straightforward provisions of 14 — 10.06{l)(b)(3) by simply attaching an otherwise prohibited structure to one which was previously existing.
Accordingly, the order appealed from is AFFIRMED.
DOWNEY and BERANEK, JJ., concur.

. We note that within the order now on appeal, the Secretary of the Department of Transportation indicated that appellant’s failure to obtain a permit prior to erecting the east face of the structure would normally not be a problem since it is the practice of the Department to issue permits for previously erected signs where such permit is all that is required for a sign to be legally in place.